530. SCHLITTLER & JOHNSON *v.* DEERING HARVESTER COMPANY.

1. The contract of the indorsers of the notes sued on, being manifestly in consideration of a benefit given by the payee of the notes to the maker, is one of suretyship, and the verdict in favor of the maker, on his plea of failure of consideration, extinguished ipso facto the obligation of the sureties.

2. Where the holder of the notes treated the contract of indorsement as one of suretyship, and brought suit against the maker and the indorsers jointly, and a verdict was rendered in favor of the maker of the notes on his plea of failure of consideration, he could not subsequently treat

the contract as one of guaranty and have judgment entered in the same suit against the indorsers as guarantors.

Complaint, from city court of Baxley—Judge Thomas. April 13, 1907.

Submitted October 22,—Decided November 25, 1907.

*W. W. Bennett,* for plaintiffs in error.

*Parker & Moore, V. E. Padgett,* contra.

HILL, C. J. The Deering Harvester Company brought suit on two promissory notes, against M. B. Swain as principal, and Schlittler & Johnson, a copartnership composed of A. Schlittler and J. M. Johnson, as indorsers. Swain filed an answer alleging failure of consideration. The court entered the suit "Answered, April Term, 1906." At the December term the jury found a verdict for the principal defendant, Swain. No effort was made to set aside this verdict, nor was the case ever marked in default as to the other defendants. At the April term, 1907, the court, on motion of plaintiff's counsel, rendered a judgment against Schlittler & Johnson, A. Schlittler and J. M. Johnson, indorsers, for the full amount of said notes, principal, interest, and attorney's fees, and all court costs. To this judgment they except. The controlling question in the case is as to the validity of this judgment against the defendants sued as indorsers, when the principal maker of the note had been released from payment, on his plea of failure of consideration. It is insisted, that these defendants were only sureties on the notes; that their obligation was accessory to that of the principal; and that as the latter's obligation to pay the note had become extinct by the verdict of the jury in favor of the principal, theirs ceased as a legal consequence. Civil Code, § 2967. The defendant in error seeks to avoid this legal result generally, if the contract was one of suretyship, by claiming that the contract of the plaintiffs in error was that of indorsers for value, or guarantors; that the contract, being one of guaranty, was entirely distinct and separate from that of the principal, and consequently the release of the principal by the verdict of the jury did not extinguish their liability or their separate obligation to pay the notes. This conclusion follows if the premise is correct. In this case the premise is assumed from the phraseology of the indorsement. On the back of the notes appears the following indorsement, which it is claimed constitutes a contract of guaranty, and not one of sure-

tyship. "For value received I hereby guarantee the payment of the within note," etc., (signed) Schlittler & Johnson. It is contended that this indorsement signed by Schlittler & Johnson expresses a consideration flowing to them, and fixes their liability on the contract, as guarantors of the payment of the notes. The mere language of the contract does not determine its legal character. "Courts may disregard formal expressions, to ascertain the real intent of the parties, and the form of the contract is immaterial, provided the fact of suretyship exists." *Fields* v. *Willis,* 123 *Ga.* 276 (51 S. E. 280) ; Civil Code, §2969. The mere use of the word "guarantee" will not make a contract one of guaranty. *Baldwin Fertilizer Co.* v. *Carmichael,* 116 *Ga.* 763 (42 S. E. 1003). See also *Geiser Mfg. Co.* v. *Jones,* 90 *Ga.* 307 (17 S. E. 81). Nor do the words "value received" conclusively import a consideration. We think the indorsement quoted, written on the back of the notes, indicated that the signers thereof were only accommodation indorsers or sureties.

We do not deem it necessary to enter into a discussion of the rather shadowy and illusive distinction between a contract of suretyship and a contract of guaranty. In *Small Co.* v. *Claxton,* 1 *Ga. App.* 83 (57 S. E. 977) ; we have attempted to do this and to show that the distinction is more fanciful and theoretical than real and practical. Our Civil Code, §2966, mentions one test by which we can distinguish and determine the character of the contract, whether one of suretyship or one of guaranty. If the consideration is for a benefit to the principal, the contract is one of suretyship. If the consideration is one of benefit flowing to the guarantor, the contract is one of guaranty. Let us apply this test to the present contract, under the facts disclosed by the record. Suit was brought against Swain as the maker of the notes, and against Schlittler & Johnson as indorsers. Swain filed an answer in which he set up that the consideration for which he made the notes was "one Deering Mower," and that this consideration had failed, in that the mower was worthless. The credit was manifestly extended to the maker of the notes; and he was released from payment, because the consideration to him and for which the notes were given had failed. What possible benefit was there flowing to Schlittler and Johnson? They simply indorsed Swain's executory contract, and thus became liable with him, but not in-

·dependently of him. This was the plaintiff's construction of the ·contract when suit was brought. It then treated the contract as ·one of suretyship, and the idea of a guaranty was an afterthought. The suit was not properly brought against Schlittler & Johnson as .guarantors; for ·as guarantors they could not have been joined as defendants with the maker of the notes; but as sureties they were properly joined. The form of the suit, the allegations of the .suit, the character of the notes, and the facts in ·the record all .show, that Schlittler & Johnson were considered as sureties, and in law were only sureties, and that their obligation as such was ·extinguished by the verdict and judgment in favor of the principal maker of the notes. The subsequent judgment rendered against them was unauthorized and should set aside.

This opinion on the vital and substantial question makes the other assignments immaterial.              *Judgment reversed.*