1454, 1455.  SAVANNAH BANK & TRUST COMPANY *v.* PURVIS *et al.,* and *vice versa.*

1. Under the Civil Code, § 5041, where one of several codefendants dies, the plaintiff may discontinue as to the deceased, and proceed against the surviving defendants to the extent of their respective liabilities as the same may appear upon the trial.

2. Where makers and indorsers, or principal and sureties, are joined in the same action, and the maker or principal dies, the court may nevertheless proceed to judgment against the indorsers or sureties upon proof of their liability as such.

3. Where notices are executed in duplicate or otherwise in manifold and one or more of the copies are served while another is retained, the copy so retained is admissible as primary evidence upon an issue as to the service of the notice, notwithstanding the production of the copies served has not been called for by a notice to produce or otherwise.

4. Upon a joint and several obligation to pay attorney's fees, one defendant may be held liable therefor although his codefendant, or joint promisor, is relieved from liability through a failure of the plaintiff to give the statutory notice.

Complaint, from city court of Reidsville—Judge Morgan. September 9, 1908.

Argued December 10, 1908.—Decided June 15, 1909.

*W. L. Clay, E. C. Collins,* for plaintiff.

*Kelley & Smith, W. F. Grey, H. C. Beasley,* for defendants.

POWELL, J.   The Savannah Bank & Trust Company brought suit against W. R. Purvis, H. E. Purvis, W. B. Kicklighter, and C. H. Purvis, upon three promissory notes of $1,000 each, made payable to the Glennville Bank and indorsed by it.   The notes were signed on the front "W. R. Purvis," and on the back of them the follo ing writing appeared:   "We or either of us hereby guarantee the payment of the within note after maturity according to its tenor.   H. E. Purvis, W. B. Kicklighter, C. H. Purvis." The notes on their faces were joint and several and promised to pay interest and attorney's fees.   In the petition it is recited that W. R. Purvis was the maker and that the other defendants were "indorser or guarantors and liable as such."   The petition alleged that the statutory notice for the payment of attorney's fees had been given the defendants, but this paragraph of the petition was denied in the answer.   All of the defendants were served, and they filed sworn pleas denying liability.   Before the time of the trial W. R. Purvis died, and at the trial term the plaintiff suggested his death of record and took an order that he be stricken from the case and that the action should proceed against the surviving defendants to the extent of their respective liabilities.   The plaintiff introduced in evidence the three notes; also a notice addressed to all of the defendants, notifying them in the statutory form that the suit would be brought and attorney's fees claimed unless payment were made before return day.   Mr. Clay, attorney for the plaintiff, testified that he had mailed a copy of this notice to each of the defendants.   He introduced U. S. post-office registry receipts showing that these notices had been deposited in registered mail at Savannah, Georgia, on January 30, 1908; also the return registry receipts showing that the letters containing the notices were received by the addressees as follows: by W. P. Kicklighter and H. E. Purvis on February 1; by C. H. Purvis on February 7. The suit was filed on February 11, and therefore the notice to C. H. Purvis was not in time to bind him.   It was admitted that the return registry receipts bore the genuine signatures of the addressees.   Counsel for the defendant make the point that this testimony, especially so far as it related to the contents of the notices, was secondary; that the primary evidence was the original notices

mailed to the respective defendants; and that no proper foundation for the introduction of secondary evidence had been laid, because no notice to produce had been served upon them. The court rendered judgment in favor of the plaintiff for the principal and interest due on the notes, but declined to render judgment for the attorney's fees. The plaintiff excepts to this refusal; while the defendants by cross-bill except to the ruling allowing the suit to proceed against them alone after striking W. R. Purvis, the alleged maker of the notes, from the suit. The defendants further contend in the cross-bill that they are not liable, on the ground that the judgment could not be rendered against them until a judgment was first rendered against the principal maker; as they were mere accommodation indorsers or sureties.

The defendants also insist upon the proposition, that the court properly refused to give judgment for the attorney's fees against any of the defendants; for the reason that when, it appeared that the notice essential to hold C. H. Purvis to liability had not been given, whereby he would be discharged, this fact would also operate to discharge the other defendants; that two of the promisors could not be held liable while a third was discharged; that this would tend to destroy their right of contribution.

1. Taking up the cross-bill first, we hold that there was no error in the court's action in allowing the suit to be discontinued as to W. R. Purvis and to proceed against the other defendants. This course is expressly authorized by the Civil Code, §5041. The plaintiff has an option, under the Civil Code, §5014, of making the personal representative of the deceased defendant a party but he is not bound to do so.

2. Under the two sections of the code just cited, there was no reason why the liability of the surviving defendants could not be established and judgment rendered against them, notwithstanding the maker of the note was dead. This is true whether their real relation to the transaction was that of accommodation indorsers or sureties or guarantors. If the maker of the note had survived and had therefore remained a party defendant in the action, the court could not have severed the controversy and have rendered judgment against these defendants alone, when they stood to the contract in a secondary relation; nor could these defendants have been held liable if the maker had been discharged from

liability and their relation had been found to be that of mere sureties or accommodation indorsers. This is held by the cases cited by counsel for the defendants. *Norris* v. *Pollard, 75 Ga.* 358; *Schlittler* v. *Deering Co., 3 Ga. App.* 86 (59 S. E. 342). These decisions, however, are not antagonistic to the proposition asserted by the Civil Code, §5041, that where one or more of the defendants die pending the case, "it shall and may be lawful for the plaintiff or complainants to suggest said death of record, and to proceed in the trial of said case or cases against the surviving defendants to the extent of their respective liabilities."

3. We think the court erred in holding that the notice as to attorney's fees and the evidence as its mailing, etc., was secondary evidence and incompetent on the ground that the copies actually sent to the defendants were the highest evidence, and that it was necessary for the plaintiff to serve notices to produce on the defendants before this nature of proof would be authorized. As was said by the Supreme Court of Alabama in Westbrook *v.* Fulton, 79 Ala. 513, in speaking of a similar transaction: "these papers or notices do not stand to each other in the relation of original or copy papers; one is just as much an original as the other." And as the Supreme Court of Pennsylvania said in Eisenhardt *v.* Slaymaker, 14 S. & R. 153, 156, "Every written notice is, for the best of all reasons, to be proved by a duplicate original; for if it were otherwise, the notice to produce the original could be proved only in the same way as the original notice itself; and thus a fresh necessity would be constantly arising ad infinitum, to prove notice of the preceding notice; so that the party would at every step, be receding instead of advancing." In Greenleaf on Evidence, §561, it is said: "There are three cases in which such notice 'to produce is not necessary: first, where the instrument to be produced and that to be proved are duplicate originals; for, in such case, the original being in the hands of the other party, it is in his power to contradict the duplicate original by producing the other, if they vary; secondly, where the instrument to be proved is in itself a notice, such as a notice to quit, or notice of the dishonor of a bill of exchange; and, thirdly, where, from the nature of the action, the defendant has notice that the plaintiff intends to charge him with possession of the instrument, as, for example, in trover for a bill of exchange."

4. Upon the question as to whether the court could render judgment for attorney's fees against two of the surviving defendants and not against the third, because of a failure to give him timely notice, attention must be called to the fact that the obligation of these defendants is joint and several. If the obligation were joint only, the cases of *Medlock* v. *Wood*, 4 *Ga. App.* 368 (61 S. E. 516), and *Clements* v. *National Bank of Tifton*, 4 *Ga. App.* 70 (61 S. E. 146), would be squarely in point. In those cases the rule is stated together with the reason for the rule that the joint obligation to pay attorney's fees can not be enforced against one of the defendants and not against another, because to do so would destroy the right of contribution to which each is entitled as against the other, and that, the promise being joint as to this feature of the contract as well as to the others, a severance can not be created by an act of the plaintiff. The reason, and therefore the rule, does not apply, however, where the promise is several, or joint and several. There each obligor undertakes either individually or jointly, as the plaintiff may elect, to pay the indebtedness and each and every part of it. Having so contracted, he can not object if he is held to his contract.

The judgment on the main bill of exceptions is *reversed,* with direction that the court amend the judgment previously rendered, by including a finding for attorney's fees against the two defendants H. E. Purvis and W. B. Kicklighter. It is further ordered that on the cross-bill of exceptions the judgment be *affirmed.*