### ANDERSON *v.* TATE.

BECK, J.    Where a suit was brought upon a promissory note against three makers thereof, for the purpose of collecting the principal, interest, and attorney's fees, and no defense was made except by one of the makers, who denied liability for attorney's fees, and the question of his liability depended upon whether he had received the due and legal notice prescribed by the statute in order to fix liability for attorney's fees in such cases, and he resisted judgment for attorney's fees upon the ground that the notice which he actually received (and which had been lost) recited that suit would be entered at the March term instead of at the April term, the latter being the correct designation of the term of court and the term specified in the notice attached as an exhibit to the suit, it, was not error for the court to permit counsel for the plaintiff to introduce a "carbon" copy of the notice served (except that it was directed to another of the defendants and recited different codefendants with the particular one to whom it was directed, but included the same three defendants), over objection that the notice served upon the defendant referred to would be the highest and best evidence.    See, in this connection, *Savannah Bank & Trust Co.* v. *Purvis*, 6 *Ga. App.* 275, 278 (65 S. E. 35), and cases there cited.    Nor did the fact that the copy offered in evidence differed in the respects pointed out above from the copy actually served render it open to the objection that it was immaterial and irrelevant.    *Judgment affirmed.    All the Justices concur.*
JUNE 15, 1914.

Complaint.    Before Judge Patterson.    Pickens superior court. May 7, 1913.

*W. T. Townsend,* for plaintiff in error.    *J. S. Wood,* contra.