### 6656.   LEWIS *et al. v.* PHILLIPS-BOYD PUBLISHING Co.

RUSSELL, C. J.   1. The ruling upon the motion to dismiss the writ of error is controlled by the act of 1911, regulating procedure and practice in courts of review (Acts 1911, p. 150).   Questions as to the sufficiency of the approval of the grounds of a motion for a new trial, or of the approval of the brief of the evidence, or of the filing of the motion or the brief, or as to the jurisdiction of the judge to entertain the motion, can not be entertained by a reviewing court unless they have first been raised before the trial judge.

2. All papers executed by the same stroke upon a typewriter,—those written by carbon impressions, as well as the sheet which receives the stroke of the letter from the typewriter,—are alike originals, and after the identity of the stroke of the typewriter has been established, any of the manifold copies may be introduced as the original writing in the case. *Savannah Bank & Trust Co.* v. *Purvis*, 6 *Ga. App.* 275 (3), 278 (65 S. E. 35).

3. The date of the registry receipt acknowledging the delivery of a letter duly posted and registered by mail is such prima facie proof that the registered package in question was received on that date by the addresses as to require him to rebut it.   It follows that proof that carbon originals of the notices to bind for attorney's fees in conformity with the statutory requirement (Civil Code, § 4252), after being registered, were deposited in the United States mail, addressed to each of two defendants, and that thereafter the plaintiff's attorney received from each defendant a registry receipt, dated more than ten days before the last return day for the term of the court to which the suit was brought, was

sufficient to show that the defendants had received due and timely notice of the plaintiff's claim for attorney's fees.

4. There was no material error in the trial. The controlling issue of fact in the case was whether the defendants executed the note upon the plaintiff's promises never to sue. This and the other issues in the case were fairly submitted by the trial judge, and the jury found adversely to the defendants' contentions. There was no error in overruling the motion for a new trial.                              *Judgment affirmed.*

DECIDED MAY 30, 1916.

Complaint; from city court of Nashville—Judge Christian. June 1, 1916.

*Hendricks, Mills & Hendricks,* for plaintiffs in error.

*W. R. Smith,* contra.