### 9203.    MARIETTA FERTILIZER COMPANY *v.* GARY *et al.*

JENKINS, J.  1. The law does not require an approval of the brief of evidence by opposing counsel, but requires only that it be approved by the trial judge. *Price* v. *High,* 108 *Ga.* 145, 149 (33 S. E. 956); *Bugg* v. *State,* 13 *Ga. App.* 672 (79 S. E. 748).

2. Any point of practice which, if sound, would be fatal to a motion for a new trial should be presented to the trial court by a motion to dismiss the application for a new trial, and, if not so presented, will be treated as having been waived. *Walker* v. *Neil,* 117 *Ga.* 733 (45 S. E. 387). Where the judge has finally passed on the merits of a motion for a new trial and the parties have raised no question as to approval of the brief of evidence, or as to the filing of the motion or the brief, or as to the jurisdiction of the judge to entertain the motion at the time he did, and have acquiesced in his entertaining it at that time, no such question can be entertained by the reviewing court. Acts 1911, p. 149 (Park's Ann. Code, § 6090 (a)); *Lewis* v. *Phillips-Boyd Publishing Co.,* 18 *Ga. App.* 181 (89 S. E. 177).

3. Failure to serve counsel of the opposite party with the brief of counsel for the plaintiff in error, as required by Rule 15 of this court (Civil Code of 1910, § 6339), is not ground for dismissal of a writ of error. *Stewart* v. *Murray,* 14 *Ga. App.* 438 (81 S. E. 382); *Barfield Music House* v. *Harris,* 20 *Ga. App.* 42 (92 S. E. 402).

4. The death of a party to a case pending in this court may be suggested by counsel for either side at any time in open court, and the legal representative of the deceased party may voluntarily become a party to the case at any time. Civil Code (1910), § 6352.

5. Under the foregoing rulings and the waiver signed by the representative of the deceased defendant, Bradford, the motions to dismiss the bill of exceptions must be overruled.

6. There was no error in excluding from evidence Bradford's plea of non est factum, which was offered in evidence by the plaintiff for the purpose of comparing the signature on the plea with the signature on the bond sued upon. Civil Code (1910), § 5836. Even though the other writings offered for the purpose of comparison be "acknowledged as genuine," the opposite party is entitled to know that evidence for the comparison of signatures will be resorted to, and to have the writings that are introduced for that purpose submitted to him before he announces himself ready for trial.

7. While in answer to a plea of non est factum it is only necessary for the plaintiff to make out a prima facie case of the execution of the instrument sued on, in order to authorize its admission in evidence (*Jewell* v. *Walker,* 109 *Ga.* 241, 34 S. E. 337; *Bank of Norwood* v. *Chap-*

*man*, 19 *Ga. App.* 709, 92 S. E. 225), it is not admissible without some extrinsic evidence of its execution. *Patton* v. *Bank of LaFayette*, 124 *Ga.* 965 (53 S. E. 664, 5 L. R. A. (N. S.) 592, 4 Ann. Cas. 639); *Paulk* v. *Creech*, 8 *Ga. App.* 738 (70 S. E. 145); *Wilson* v. *Barnard*, 10 *Ga. App.* 98 (72 S. E. 943). The only evidence relied on by the plaintiff in this case to prove execution of the bond by Bradford, which was denied by him, was testimony of W. E. Morris, who swore as follows: "I have seen Mr. W. B. Bradford's signature a good many times, but I could not swear to his signature. The signature on the bond resembles his. I am not familiar with it well enough to say that it is." This testimony is not sufficient, since a witness must express what amounts to an opinion, one way or the other, at the time he is testifying. *Foster* v. *Jenkins*, 30 *Ga.* 476. The court, therefore, did not err in refusing to allow the plaintiff to introduce in evidence the bond sued on, as to the defendant Bradford, or in thereafter directing a verdict in his favor.

8. There was sufficient evidence to sustain the plea of the defendant Gary, setting up that the bond sued on had never been accepted by the plaintiff, but on the contrary had been declined, and that another bond in lieu of the one sued on had been given and accepted.

9. Error is assigned on the following excerpt from the charge of the court: "The defendants, J. H. Gary, A. J. Connell, and J. P. Peeples, come into court and set up that the bond was not accepted by the sheriff, and that there was another bond given; that while the bond which purports to have been executed, which is being sued upon, was prepared and offered to the sheriff, it was not in fact accepted by him, therefore not binding upon them, never having been accepted. That makes the issue· as to the plaintiff in the case and J. H. Gary, J. P. Peeples, and A. J. · Connell." Since the defendants J. P. Peeples and A. J. Connell had filed no defense of any kind, the charge given was not authorized as to them. But "the obligation of the surety is accessory to that of his principal, and if the latter from any cause becomes extinct, the former ·' ceases of course, even though it be in judgment." Civil Code (1910), ·. § 3539. Thus, the verdict of the jury in favor of J. H. Gary, principal, discharging him from liability, extinguished ipso facto the obligation of the sureties J. P. Peeples and A. J. Connell (*Schlittler* v. *Deering Harvester Co.*, 3 *Ga. App.* 86, 59 S. E. 342), and under the well-recognized doctrine of the law of suretyship, that whatever discharges the principal discharges the surety (*Patterson* v. *Gibson*, 81 *Ga.* 802, 10 S. E. 9, 12 Am. St. R. 356), the grant of a new trial upon this ground of the motion for a new trial would be of no avail to the plaintiff. See also *Savannah Bank & Trust Co.* v. *Purvis*, 6 *Ga. App.* 275, 277 (65 S. E. 35); *Gartrell* v. *Johns*, 15 *Ga. App.* 671 (84 S. E. 175); *Norris* v. *Pollard*, 75 *Ga.* 358. This holding is not in contravention of the rule of law to the effect that where a bond is joint and several, suit may be brought upon it against the sureties without joining the principal (*State of Georgia* v. *Henderson*, 120 *Ga.* 781, 48 S. E. 334); and see *Morrison* v. *Slaton*, 148 *Ga.* 294 (96 S. E. 422); since in those cases there had been no adjudication of non-liability on the part of the principal.

10. The remaining grounds of the motion for a new trial are without substantial merit.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*
DECIDED SEPTEMBER 17, 1918.

Action upon bond; from city court of Nashville—Judge Christian. September 11, 1917.

*W. D. Buie, W. R. Smith,* for plaintiff.

*Hendricks, Mills & Hendricks, J. A. Alexander,* for defendants.