9963. WARD-TRUITT Co. *v.* NICHOLSON *et. al.*

JENKINS, J. 1. The exception to the refusal to admit in evidence a carbon copy of a certain letter written by the plaintiff to one of the defendants is without merit; no notice to produce the original having been given by the plaintiff to the defendant, and it not being shown that the original was lost. Civil Code (1910), §§ 5828, 5829, 5837, 5838; *McAdam* v. *Weikel &c.* v. *Spice Co.*, 64 *Ga.* 441; *Frost* v. *Powell*, 10 *Ga. App.* 95 (72 S. E. 719). The too broad general statement made in *Lewis* v. *Phillips-Boyd Publishing Co.*, 18 *Ga. App.* 181 (89 S. E. 177), was in a case in which reference was actually had to a notice given for attorney's fees. The general rule governing notice to produce papers in the hands of the opposite party must apply where, as in this case, the proffered carbon copy of the letter could not properly be taken as a duplicate original, and where the letter is such as could not be taken either as an instrument in the nature of a notice or as one which, from the very nature of the action, the defendant must necessarily have known that he would be charged with possessing. See *Savannah Bank & Trust Co.* v. *Purvis*, 6 *Ga. App.* 275, 278 (65 S. E. 35); Greenleaf on Evidence, § 561.

2. A ground of a motion for a new trial as to the admissibility of testimony must be complete within itself (*Owens* ·v. *Nichols*, 139 *Ga.* 475 (5), 77 S. E. 635), and not such as to require the reviewing court to refer to the brief of evidence or other parts of the record in order to determine the question. *Peeples* v. *Butler*, 21 *Ga. App.* 310 (94 S. E. 278.). Under the rule stated, a ground that the court erred in permitting a witness to testify, "I stated a while ago about having a conversation

with Mr. Truitt; he was a member of the firm of Ward-Truitt Company; he told me this debt had been paid off, the title from Nicholson, and it had been settled," because "it was not shown that Mr. Truitt had any authority to make any such statement as a member of the corporation, and was not clothed with any such power," can not be considered. So far as appears from the recitals in this ground of the motion, the person referred to by the witness was a member of a firm or partnership, and any statements or admissions made by him as such, and with reference to matters connected with the business, would be binding upon the partnership. Civil Code (1910), § 3180; *Sankey* v. *Columbus Iron Works*, 44 *Ga.* 228, 236; *Merchants & Farmers Bank* v. *Johnston*, 130 *Ga.* 661 (61 S. E. 543, 17 L. R. A. (N. S.) 969, 14 Ann. Cas. 546).

3. The motion for a new trial complains that a certain deed purporting to be a conveyance by the plaintiff, and offered by the defendant, was admitted in evidence over the objection of the plaintiff that its execution had not been proved; but since the plaintiff itself admitted the execution of the deed, this ground of the motion is without merit.

4. There was sufficient evidence to authorize the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*

DECIDED APRIL 23, 1919.

Complaint; from city court of Carrollton—Judge Beall. May 27, 1918.

*Boykin & Boykin,* for plaintiff.

*J. J. Rees, Griffith & Mathews,* for defendants.