12198.   MAYOR AND COUNCIL OF GAINESVILLE *v.* WHITE *et al.*

BROYLES, C. J. 1. A special ground of a motion for a new trial must be complete within itself, and this court will not consider a ground which complains of the admitting of specified evidence the materiality of which cannot be determined without an examination of the brief of evidence or of some other part of the record. Under this ruling the 4th ground of the motion for a new trial cannot be considered.

2. This was a suit against a city for alleged damage to realty from the appropriation of a part of it and the grading of streets upon which it abutted. On cross-examination one of the plaintiffs was asked: "What is your property worth to-day — this property?" On objection by his counsel the court refused to allow the question. While a thorough and sifting cross-examination of a party to a cause should be permitted, the refusal to allow the witness to answer this question does not require a new trial, as the question for determination by the jury was not what the property was worth on the day of the trial, but what its market value was immediately before and after the alleged damage; and these

facts were testified to by this plaintiff. He was asked also, on cross-examination, " Is this property in the same condition it was in 1915," and he answered, " No, the property is not in the same condition it was in in 1915; it is worth more, of course, but it has suffered from washing and freezing." Upon objection of his counsel the court ruled out the question and answer. Conceding that this ruling was error, it was cured by subsequently allowing the witness to give exactly the same testimony. (See page 30 of the record.)

3. The 6th ground of the motion for a new trial is without merit. " Where notices are executed in duplicate or otherwise in manifold and one or more of the copies are served while another is retained, the copy so retained is admissible as primary evidence upon an issue as to the service of the notice, notwithstanding the production of the copies served has not been called for by a notice to produce or otherwise." *Savannah Bank & Trust Co.* v. *Purvis,* 6 *Ga. App.* 275 (3) (65 S. E. 35). The ruling here quoted applies in the instant case although the type-written duplicate notices were signed with pen and ink by the attorney giving the notice. See, in this connection, *Anderson* v. *Tate,* 141 *Ga.* 840 (82 S. E. 246).

4. The instruction complained of in the 7th ground of the motion for a new trial is not erroneous for either of the reasons assigned. It was applicable to the facts of the case, and it did not authorize the recovery of double damages, as did the charge in *City of Atlanta* v. *Swiney,* 20 *Ga. App.* 415 (5) (93 S. E. 24), cited in the brief of counsel for the plaintiff in error.

5. Under all the facts of the case the instruction complained of in the 8th ground contains no reversible error.

6. The question of damages being peculiarly for the jury, and their finding having been approved by the trial judge, and the amount of the verdict ($500), under the facts of the case, not being so great as to suggest bias and prejudice, or gross mistake on the part of the jury, this court cannot hold as a matter of law that the verdict is excessive.

7. There was some evidence which authorized the verdict, and, it having been approved by the lower court, and no material error of law appearing, this court is without authority to interfere with the verdict.

*Judgment affirmed.    Luke and Bloodworth, JJ., concur.*

Decided May 11, 1921.

Action for damages; from city court of Hall county — Judge Wheeler. December 31, 1920.

1. The ground referred to in the first paragraph of the decision is as follows: " Because the court erred in permitting the plaintiff, on direct examination, to testify to the jury on the trial of said case, over objection of the defendant, made at the time, as follows: Q. How many shade trees are there on the Prior street side, right on the line? A. There are quite a number right on the line. Q. How many are so close they will have to be taken down, if this sidewalk is put in there 6 or 8 feet in width? A. Ten or more. Defendant's counsel objected to this testimony at the time it was offered, on the ground that the number of trees which would have to be taken down in the event a sidewalk was placed along the street

could not be the subject-matter of a recovery in this case,— was too remote and speculative. The court overruled these objections, and permitted the testimony; the defendant then excepted and now excepts, and assigns said ruling and judgment as error."

3.  The plaintiffs introduced in evidence a copy of a notice of the claim for damages on which the suit was based. Testimony in regard to this notice is complained of in the 6th ground of the motion for a new trial, which is as follows: " Because the court erred in permitting Hon. Jos. G. Collins, attorney for the plaintiffs, to testify in plaintiffs' behalf to the jury on the trial of said case, over objection of defendant's counsel at the time, as follows: ' I merely wish to state that I made out the claim for damages. 1 think I made three copies at the same time. They were made with paper ·that manifolds, and I served on the city a copy of notice of suit for damages just like this attached to the petition, at some time more than 30 days before the suit was filed. The particular date on which it was served was the 23d day of June, 1917. This suit was filed in August, 1917. We threshed that question out that he makes. It has been decided, when notice is served on another party, you don't have to give any notice to produce.' The court: ' What I want to know is that what you are testifying about is a carbon copy of what you have there?' A. ' It is a duplicate, made at the same time on typewriter, made with the same stroke, really both were original. They call them copies sometimes, but they are all made at the same time; not really any difference in anything about it. I signed them both.' Counsel for defendant objected to this testimony at the time the same was offered, on the ground that the original notice served upon the city would be the highest and best evidence; on the further ground that this testimony with reference to this notice was inadmissible because no notice to produce the original had ever been served upon the defendant; further because it appeared that the notice alleged to have been served and the one attached to the original petition about which witness was testifying was signed with handwriting of witness and therefore could not be duplicate of originals. The court overruled these objections and allowed this testimony to remain in before the jury. To this ruling defendant then excepted and now excepts, and assigns error thereon."

4.  The ground referred to in paragraph 4 of the decision is as

follows: "Because the court erred upon the trial of said case in charging the jury as follows: 'See whether or not there has been any part of the property that originally belonged to these plaintiffs cut off and appropriated by the defendant for a public street. If there has been any part of it cut off, then ascertain what the value of that property would be, from a fair interpretation of the evidence in the case. If there has been any part of the property of the plaintiffs cut off and appropriated to the use of the defendant as to that amount, whatever you find that amount to be worth, the plaintiff is at least entitled to recover that much. If there has been none taken, then, of course, you would not allow anything to the plaintiffs for the value of their property on that part of the contention made by the plaintiffs. Then you would consider whether or not the right of ingress and egress to and from the property of plaintiffs has been impaired or destroyed, or whether the property has been injured and damaged in any other way contended for by the plaintiffs in their petition. If it is, ascertain how much it has been damaged in that regard, from the evidence. Then you would consider whether or not the market value of the property has been enhanced or improved by the grading of the street. If the market value of the property has been enhanced or improved by the grading of the street, and that enhancement in value is equal to or greater than any amount that the plaintiff may have been damaged other than by taking the property, you could let one offset the other, and as to that item, if the value of the enhancement was equal to or greater than the damage resulting from the work done, you would find in your verdict in favor of the defendant.' Said charge was error in that it instructed the jury to find treble damages for the same tortious act, viz., taking property sued for, destroying ingress and egress to the property sued for, and for destruction of the market value, and in this particular is contrary to law. Said charge is further erroneous, as defendant contends, because there is no evidence upon which to base it; the evidence at its furthest and as contended for and testified by plaintiff showing that the property taken, if any, was property of the sidewalks, which was property of the city and for which no actual damage could be sustained, consequential damages only being recoverable. For that reason said charge, in so far as it refers to the taking of a strip of land by the city, is absolutely without evidence to support it. Mov-

ant excepts to said charge, and assigns error thereon as being contrary to law and the evidence in said case."

5. Paragraph 5 of the decision relates to the following ground: "Because the court erred upon the trial of said case in charging the jury as follows: 'I charge you that if there was a strip of land either on Spring or Prior street that had been originally dedicated or used by the people, so as to make it subject to a private right of way, and it had been in use for such a length of time that the users of it would be entitled to a right of way over it, so as to make a dedication of it, in a manner to deprive plaintiffs from reasserting their private title to exclude the users of it from that way, and the city did take a portion of that, then the plaintiffs would not be entitled to recover the market value of it; but if you find that to be the fact they would be entitled to recover nominal damages at least. The law does not define what nominal damages are in absolute dollars and cents, but it simply says that nominal damages are some small sum awarded by a jury, where a right has been invaded, for a sufficient amount to carry the cost against the parties. I charge you that a private way may be acquired across the property of another by being used and kept open and in repair by the users for a period of seven years, provided that private way does not exceed 15 feet in width; or it might be acquired in another way. The only way in this case which would be applicable under the law here would be a prescriptive right to cross it. Now, it is for you to say whether there were any users of a private way for a sidewalk on either Spring street or Prior street in this case.' The vice in this excerpt of the charge is as follows: Plaintiff contended the city had taken a part of a strip of land off Prior street, whch had been used as a sidewalk or passway, not (in his words) a 'legal' sidewalk, but a pathway. The city contended that this strip, which had been dedicated in this manner by the owners and by permitting its use, the city by taking it would not injure plaintiff. The first two sentences of the above excerpt were requested by the city and were charged as shown above; but the qualification as set out in the third sentence had the effect of destroying its value; this sentence and part of the charge was erroneous, harmful to this defendant, contrary to law, and without evidence to support it."

C. N. Davie, for plaintiff in error. J. G. Collins, contra.