## 20834. YARBROUGH *v.* SHACKELFORD.

JENKINS, P. J. 1. The consideration of a note can generally be inquired into. Under the plaintiff's view of the evidence in this case, there could be no question as to the defendant's liability, and even in view of the testimony of the defendant, who was the only witness in his own behalf, if the railroad company in delivering its two checks inadvertently overpaid the plaintiff, this would constitute no defense to the present action, wherein the defendant admits that he executed the note sued on, and received the proceeds of a check payable to the plaintiff and indorsed by her, in an amount represented by the note.

2. "All papers executed by the same stroke upon a typwriter,—those written by carbon impressions, as well as the sheet which receives the stroke of the letter from the typewriter,—are alike originals, and after the identity of the stroke of the typewriter has been established, any of the manifold copies may be introduced as the original writing in the case." *Lewis* v. *Phillips-Boyd Publishing Co.*, 18 *Ga. App.* 181 (2) (89 S. E. 177); *Anderson* v. *Tate*, 141 *Ga.* 840 (82 S. E. 246); *Mayor &c. of Gainesville* v. *White*, 27 *Ga. App.* 16 (3) (107 S. E. 571). In the instant case, while the attorney for the plaintiff testified that the paper put in evidence was a "copy" of the notice for attorney's fees mailed to the defendant, such testimony does not bring it within the rule rendering such a paper primary evidence upon the issue as to the service of the notice. Accordingly, the court erred in not rejecting the proffered "copy" of the notice of attorney's fees.

3. There being no proper proof of the service of notice for attorney's fees, the judgment in favor of the plaintiff will be affirmed on condition that the amount recovered as attorney's fees be written off from the judgment at the time the remittitur from this Court is made the judgment of the court below; otherwise the judgment is reversed.

*Judgment affirmed on condition. Stephens and Bell, JJ., concur.*

DECIDED APRIL 20, 1931.

*McDaniel, Neely & Marshall,* for plaintiff in error.

*Frank C. Tindall,* contra.