23459. A., B. & C. RAILROAD BENEFIT ASSOCIATION
*v.* SOUTH.

DECIDED JUNE 18, 1934. REHEARING DENIED SEPTEMBER 19, 1934.

*Brandon, Hynds & Tindall, Inman Brandon,* for plaintiff in error.
*James A. Miller, Clarke & Clarke,* contra.

JENKINS, P. J. ■ In insurance policies or certificates entitling the holder to sickness or accident benefits in case of "total disability," such disability "does not mean absolute physical inability to work at one's occupation, or to pursue any occupation for wages or gain; but it exists if the injury or disease of the insured is such that common care and prudence required him to desist and he did in fact desist from transacting his business." Total disability is further defined as the "inability to do substantially all of the material acts necessary to the transaction of the insured's business or occupation, in substantially his customary and usual manner." *Cato* v. *Ætna Life Ins. Co.,* 164 *Ga.* 392 (2, 4), 398, 399 (138 S. E. 787). Under the evidence for the plaintiff, who obtained a verdict against the insurer in a suit for total-disability benefits upon a sickness and accident insurance certificate, it can not be held that

the jury were wholly unauthorized to find that the plaintiff became totally disabled before his certificate expired so as to entitle him to the principal amount recovered in the amended judgment.

■ Whether or not the admission in evidence of a carbon copy of a telegram, written in longhand by the plaintiff, to his employer, who was not a party to the litigation, and not being a notice or instrument within the exceptions recognized and distinguished in *Ward-Truitt Co.* v. *Nicholson,* 23 *Ga. App.* 672 (99 S. E. 153), and in *Yarbrough* v. *Shackelford,* 43 *Ga. App.* 243 (2) (158 S. E. 532), in the absence of proof properly accounting for and showing the inaccessibility of the original, was error (see Civil Code, 1910, §§ 5759, 5761, 5828, 5829; *Franklin* v. *Pritchard,* 122 *Ga.* 605, 50 S. E. 342; *McAdam* v. *Weikel Spice Co.,* 64 *Ga.* 441; *Anderson* v. *Tate,* 141 *Ga.* 840, 82 S. E. 246; *Lewis* v. *Phillips-Boyd Pub. Co.,* 18 *Ga. App.* 181 (2), 89 S. E. 177; *Savannah Bank & Trust Co.* v. *Purvis,* 6 *Ga. App.* 275 (3), 278, 65 S. E. 35; *Mayor &c. of Gainesville* v. *White,* 27 *Ga. App.* 16 (3), 107 S. E. 571), any such error can not be accounted as prejudicial to the defendant, since, although the copy of the telegram, saying "Arrange to relieve me on arrival No. 1 at Manchester account sick," in referring to the plaintiff's inability to continue his work, related to the material issue as to whether the plaintiff was totally disabled beginning on the date when the telegram was sent, yet the defendant itself in its cross-examination of the plaintiff elicited oral evidence showing substantially all the material contents of the telegram. In reply to questions as to whether and when he first informed the superintendent of his employer of his incapacity, the plaintiff testified, "As to when was the first time I ever told [the superintendent] I was *incapacitated,* I never have told him," but that he (the plaintiff) sent a telegram to the yardmaster on or about May 24th, that he had the copy referred to, that the message was sent to the persons whose names appear on the copy from Oglethorpe, Georgia, to Manchester, one of the addressees being the trainmaster whose office was at Manchester. The jury must thus have understood, irrespective of the writing, that a telegram had been sent to his superiors, reporting his incapacity just as the copy in effect stated.

■ The answer of the defendant denying only the alleged total disability of the plaintiff, questioning only his right to recover the amount sued for, and nowhere raising an issue as to the duration

of the alleged disability or its termination after its alleged beginning, there is no merit in the defendant's contention, in grounds 7, 8, and 9 of the motion for new trial, that the court erred in instructing the jury in effect that if they found that total disability existed as alleged, the plaintiff would be entitled to recover the full amount sued for.

The jury in this case found for the plaintiff a stated sum by way of principal and a separate sum as interest, apparently calculated from the date of disability alleged in the original petition. The plaintiff voluntarily wrote off from his judgment a substantial portion of both principal and interest, apparently on the theory that the verdict and judgment were based upon the date of total disability as originally alleged instead of the later date as alleged in the amendment to the petition. The petition contained no allegation or prayer referring to interest. It was held by this court in *Blackman* v. *Wilson*, 28 *Ga. App.* 768 (5) (113 S. E. 32), that where the plaintiff does not sue for any interest, the recovery of interest is unauthorized. Applying this rule to the instant case, especially in view of the fact that no interest would have accrued until the claim became payable by virtue of proof or notice of loss, and no such proof or notice appears to have been given until more than a year after the beginning of the alleged disability, no other error appearing, and the entire verdict and judgment not being invalid, the judgment will be affirmed on condition that the plaintiff, at the time the remittitur from this court is made the judgment of the trial court, shall write off the interest; otherwise the judgment will be reversed.

*Judgment affirmed on condition. Stephens and Sutton, JJ., concur.*