#### 26396. HANNIFIN v. WOLPERT et al.

SUTTON, J. 1. In a suit for damages, where there was an issue as to whether the two defendants were partners, it was not error for the court to charge the jury: "In determining whether the partnership existed, I charge you that a joint interest in the partnership property, or a joint interest in the profits and losses of the business, constitutes a partnership as to third persons. A common interest in the profits alone, gentlemen, does not constitute a partnership. An agreement between two persons stipulating that one of the parties thereto shall receive as compensation for his services a portion of the profits of the business to be conducted, and which does not provide that he shall be bound by any losses of the business, if any, is not a contract or agreement of partnership." One of the defendants testified that he worked at the hotel as a clerk for the other defendant on a commission basis, and was to get half the profits for his services, after the expenses were paid; and that the other defendant was to get the other fifty per cent. According to this evidence, they were not partners. *Hall* v. *Stone*, 11 *Ga. App.* 269 (75 S. E. 140) ; *Sauls* v. *Scott*, 46 *Ga. App.* 243 (167 S. E. 311).

2. "All papers executed by the same stroke upon a typewriter,—those written by carbon impressions, as well as the sheet which receives the stroke of the letter from the typewriter,—are alike originals, and after the identity of the stroke of the typewriter has been established, any of the manifold copies may be introduced as the original writing in the case." *Lewis* v. *Phillips-Boyd Publishing Co.*, 18 *Ga. App.* 181 (89 S. E. 177) ; *Yarbrough* v. *Shackelford*, 43 *Ga. App.* 243 (2) (158 S. E. 532). Accordingly, the court did not err in admitting in evidence the copies or duplicate licenses for the operation of the hotel, where the city clerk testified that the duplicate documents were made at the same time as the originals, with the same operation.

3. The verdict was authorized by the evidence. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*

DECIDED SEPTEMBER 29, 1937.

*Burress & Dillard,* for plaintiff.

*J. C. Savage, Bond Almand, J. E. Thrift, Ernest D. Bass,* for defendants.