SIMPSON, executor, *et al. v.* CHARTERS, executrix, *et al.*

No. 12015. FEBRUARY 17, 1938. REHEARING DENIED MARCH 16, 1938.

*B. F. Davis* and *William B. Jones,* for plaintiffs in error.

*Wheeler & Kenyon, Charles J. Thurmond,* and *John H. Davis & Son,* contra.

GRICE, Justice. ■ The plaintiffs in error are represented by two attorneys. One of them filed a motion to withdraw the bill of exceptions, and prayed for an order of dismissal. The other resists this motion, and in writing represents that he conducted the case for the plaintiff in error in the trial court and in the Supreme Court, and prepared or directed the preparation of the pleadings and briefs in both courts; that his employment was on a partial contingent basis, and that if their position is eventually sustained there will be due him a substantial amount in addition to the fee already paid him. The request to withdraw is controlled by the decisions in *Walker* v. *Equitable Mortgage Co.,* 114 *Ga.* 862 (40 S. E. 1010), and *Richmond County* v. *Richmond County Reformatory Institute,* 141 *Ga.* 457 (81 S. E. 232), and must be denied.

■ The "agreement" referred to did not form the basis of any relief sought, or constitute the cause of action or any part of it. A draftsman is not compelled to set forth every writing mentioned in his pleadings. See Code, § 81-105, and annotations.

■ The first special ground of the motion complains that the court erred in ruling that the plaintiffs (defendants in error) had the right to open and conclude the arguments before the jury. The defendants in the trial court admitted the execution and delivery of the notes and. the right of the plaintiffs therein to bring the suit. In a note to this ground the presiding judge certified as follows: "In connection with ground one of the amended motion, the court deems it proper to state that when the case was called and both sides announced ready, counsel for plaintiffs inquired as to who would have the first strike, stating that if the defendants intended by their plea to admit that plaintiffs were entitled to a verdict and judgment without the necessity of introducing evidence, he conceded they would be entitled to open and conclude; whereupon counsel for defendants stated. that they could not concede that plaintiffs were entitled to a judgment as prayed, without introducing evidence."

While ordinarily a defendant's plea admitting execution of the notes sued on, and the plaintiffs' ownership, makes out a prima facie case for the plaintiff, and entitles the defendant to open and close the argument (*Montgomery* v. *Hunt,* 93 *Ga.* 438, 21 S. E. 59, and cases following it), the basis of the rule is that a defendant by such plea admits that prima facie the plaintiff is entitled to recover without the necessity of introducing evidence. When the issue was raised by counsel, and the judge made the inquiry and received the reply indicated above, it was not erroneous to make the ruling complained of. The petition alleged that the notes were given as the purchase-price of certain described property, and prayed for a special lien on the property. Therefore it was not merely a suit on notes. The court had a right, under the circumstances, to solicit from counsel his contention, and, having received his reply, to act accordingly.

■ The second ground recites that "the court erred, as movants contend, in admitting an alleged duplicate of the bond for title from T. A. Capps to E. P. Simpson as executor" etc., the objection being that it did not appear to be the original. The brief of evidence contains a statement that there was put in evidence "a duplicate of the bond for title from T. A. Capps to E. P. Simpson, as executrix" etc. It is a fair inference, we think, that the paper was a duplicate original. We see no error in admitting the writing in evidence. Compare *Anderson* v. *Tate,* 141 *Ga.* 840 (82 S. E. 246).

■ The plea set forth that Capps loaned $11,500. The proof showed that Capps had agreed to lend Miss Davenport, who bid off the property, or Mr. Simpson, the balance of the money needed to comply with the bid. This amount was $11,500. The proof further showed that the amount of Capps' check which he delivered to the receiver for the purpose stated was $11,500. The principal of the notes, of which those sued on are a part, was $14,207.33. E. P. Simpson was apparently one of the makers of the notes to Capps. He signed them. The bond for title to the property, executed by Capps, named all the makers of the notes, except E. P. Simpson, as obligees therein. Davis, the receiver, testified that the judgment of T. A. Capps against E. P. Simpson and the tax fi. fas. against Capps Cotton Manufacturing Company accounted for the difference between the $11,500 and the total of the principal

amounts for which the notes were given. The plaintiffs in error pleaded that the difference represented usury. It may be that this was a bona fide transaction free from usury, but plaintiffs in error say that it was a scheme and device to avoid the usury laws, and call attention to the fact that while E. P. Simpson appears as a maker, he is not one of the obligees in the bond to whom Capps obligated himself to make title to the property if and when the notes whereon E. P. Simpson's name appears were paid. In this connection we think they were entitled to show that at the time E. P. Simpson was insolvent, as an aid to the jury in determining whether the payment of the fi. fa. of Capps against Simpson was a bona fide purchase, or a scheme or device to exact usury. "The theory that a contract will be usurious or not according to the kind of a paper bag it is put up in, or according to the more or less ingenious phrases made use of in negotiating it, is altogether erroneous. The law intends that a search for usury shall penetrate to the substance." *Pope* v. *Marshall,* 78 *Ga.* 635, 640 (4 S. E. 116).

■ Davis, having testified that the difference between the $11,-500 and the total of the principal of the notes was made up of Capps' fi. fa. against Simpson, and the tax fi. fa. against Capps Cotton Manufacturing Company, it was error to sustain an objection to its admission in evidence on the ground that it was immaterial and irrelevant, and that there was "nothing to connect it with this transaction." It nowhere appears in the record that any of the makers of the notes sued on were liable for this tax fi. fa. It was no debt of theirs or either of them. The proof is that the company had no assets. It was a vital part of defendants' case. It may be that Capps and the defendants in an independent transaction entered into a bona fide sale and purchase of this tax fi. fa. The evidence is silent on that point. We have only the testimony of the witness Davis that the difference represented by the amount of the check Capps paid him to complete the bid for the property, and the total of the principal of the notes sued upon, represented in part this tax fi. fa. The fi. fa. should have been admitted in evidence.

■ The court charged the jury that if the difference between the amounts already referred to was for valid debts owing by E. P. Simpson to T. A. Capps, such would "constitute a valuable

consideration for the notes sued on, and that such alleged debt and said $11,500 separately and jointly constitutes such a consideration as will support the notes sued on in this case." Aside from the fact that the undisputed evidence shows that the difference only in part represented a debt owed by E. P. Simpson to T. A. Capps (the tax fi. fa. against the Capps Cotton Manufacturing Company being also included in the difference), we think the charge was inapt in view of the defense of usury. If the assumption of those debts was a mere ruse, scheme, or device by which the creditors could add a fictitious amount to the principal and exact an usurious rate of interest, then such assumption did not constitute a valuable consideration for the notes sued on. For the same reason, it was error, under the facts of this case and the issues made by the defendants' plea of usury, to charge as follows: "I charge you, gentlemen of the jury, if a promissory note is given by a person to another in payment for extinguishment of the debt of a third person, there is a valuable consideration which will support an action thereon by the payee; provided the third person was actually indebted, and provided the payee relinquished such third party, or relinquished a legal or valid right." The court, in the charge complained of in ground 18, instructed the jury as follows: "Now I charge you that the notes sued on, the deed, and the bond for title formed and constitute a valid and subsisting contract between the parties in this case." If there be no evidence in the record from which the jury could infer usury, the charge was appropriate; but if there was an issue of fact as to that, it seems to us that this charge cut the ground from under the plaintiffs in error. If the notes, deed, and the bond for title constituted a valid contract, what else was the jury to do but find for the creditors the amount of the principal and interest due, and declare the judgment to be a special lien on the property? The evidence, we think, made an issue as to whether these constituted a valid contract. It is true that there are certain legitimate transactions which can not be converted into usurious ones merely by characterizing them as schemes, ruses, contrivances, or devices to collect usury. It is not the characterization, but the character of the thing that determines it. In view of the facts in the record, and all the legitimate deductions that might be drawn therefrom, it is for the jury to determine whether the contract here involved was tainted with

usury. *Bishop* v. *Exchange Bank*, 114 *Ga.*, 962 (41 S. E. 43), is authority for the statement that "Where a lender requires, as a condition precedent to making a loan upon which the full legal rate of interest is expressly charged, that the borrower shall assume and pay off a promissory note held by the lender against one who is known by the lender to be insolvent, and whose debt the borrower is under no obligation to pay, the transaction is usurious."

A number of other complaints are set forth in the motion for new trial, all of which have been examined and considered. Except as otherwise pointed out in this opinion, none of these grounds are sufficient to require the grant of a new trial.

*Judgment reversed. All the Justices concur, except Hutcheson, J., disqualified.*