35241.   BEARD *v.* WESTMORELAND *et al.*

Decided September 16, 1954.

*W. Geo. Thomas,* for plaintiff in error.

*Griffin B. Bell, Robert B. Troutman, Spalding, Sibley, Troutman & Kelley,* contra.

CARLISLE, J. ■ While the defendant's exceptions pendente lite are specified in the final bill of exceptions as a part of the record and appear in the record as a part thereof, there is no assignment of error on the exceptions pendente lite or on the rulings therein complained of. The defendant has, however, moved this court to consider the rulings complained of in the exceptions pendente lite, in spite of the absence of an assignment of error on the exceptions pendente lite or an assignment of error on the rulings therein complained of. Counsel for the defendant suggests that we are authorized to grant his motion by virtue of the rulings in *Christopher* v. *Christopher,* 198 *Ga.* 361 (31 S. E. 2d 818), and *Alexander* v. *Chipstead,* 152 *Ga.* 851 (111 S. E. 552). The ruling in the *Christopher* case is not authority for this court to consider the rulings on the special demurrers in this case. There was in that case a specific assignment of error on the rulings to which exceptions pendente lite were taken. In the present case there is none. While in the *Chipstead* case it was said: "Where exceptions pendente lite are duly certified and entered of record, when the case is brought up after final judgment error may be assigned thereupon, upon motion in this court, though no mention be made of them in the main bill of exceptions. *South Carolina R. Co.* v. *Nix,* 68 *Ga.* 572; *Hardee* v. *Griner,* 80 *Ga.* 559 (7 S. E. 102); *Hall County* v. *Gilmer,* 123

*Ga.* 173 (51 S. E. 307)," there was in the *Chipstead* case an assignment of error on the rulings to which exceptions pendente lite were taken. In the present case there is none.

If we construe the defendant's motion to be an effort to bring herself within the rule stated in the *Nix, Griner,* and *Gilmer* cases, which we have quoted above as having been mentioned in the *Chipstead* case, still we are unable to consider the rulings on the special demurrers in the present case. Those decisions and the statutes extant at the time those decisions were delivered would have authorized this court to comply with the defendant's motion, but such is not the case since the passage of the amendment to the Practice and Procedure Act in 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 440-458). By the provisions of that amendment to the act, Code § 6-905 was repealed and the following substituted in lieu thereof: "Exceptions pendente lite are hereby abolished, and it shall not be necessary to prepare, have certified and allowed, or file exceptions pending trial in order to assign as error on appeal a court's decision, ruling, sentence, or decree, but all exceptions to any antecedent ruling, judgment, sentence, or decree may be made in the final bill of exceptions complaining of a final judgment, irrespective of the time elapsing between the date of the ruling complained of and the presentation of the final bill of exceptions. This Act shall apply to causes pending in the trial courts at the time of its approval, and to all causes subsequently filed." By the terms of the same act all reference to exceptions pending trial was deleted from Code § 6-701, so as to make that section read: "No cause shall be carried to the Supreme Court or Court of Appeals upon any bill of exceptions while the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause or final as to some material party thereto, and should the case at its final determination be carried by writ of error to the Supreme Court or Court of Appeals by either party, error may be assigned upon any antecedent ruling and a reversal and a new trial may be allowed thereon, when it shall be manifest that such erroneous decision of the court has or may have affected the final result of the case, irrespective of the time elapsing between the date of such antecedent ruling and the presentation of the final bill of exceptions."

It is clearly manifest from the act of 1953 that error must now be assigned in the final bill of exceptions upon all rulings of the trial court sought to be reviewed by the appellate courts, whether the ruling be a final or an antecedent one. The discussion in the *Chipstead* case on the question of whether the assignment of error should be on the rulings contained in the exceptions pendente lite or on the exceptions pendente lite is now functus officio. Code § 6-1305, under which that discussion arose, and which reads: "When the final bill of exceptions shall show that exceptions pendente lite were properly filed in the trial court and where the contents of such exceptions pendente lite shall be recited in the bill of exceptions, or a copy thereof shall appear in the transcript of record, an assignment of error in the final bill of exceptions either upon the exceptions pendente lite or upon the rulings therein excepted to shall be held to be sufficient," was repealed in its entirety by the amendment to the Practice and Procedure Act.

The terms of the act of 1953 itself make the requirement that error be assigned in the final bill of exceptions upon all rulings, final or antecedent, sought to be reviewed, applicable to all cases pending at the time of its approval, which was December 22, 1953. The effective date of the act was January 1, 1954. The antecedent ruling sought to be reviewed here (the overruling of the defendant's special demurrers) was entered on October 23, 1953. The final judgment denying the motion for new trial was not entered until April 16, 1954, and the final bill of exceptions was not certified until April 27, 1954. It was necessary under these circumstances to pursue the procedure established by the amendment to the Practice and Procedure Act, and it was immaterial that the defendant had preserved exceptions pendente lite. The final bill of exceptions must contain a specific assignment of error on the antecedent ruling in order for this court to review that judgment. No such assignment of error is to be found in the bill of exceptions, and the defendant's motion that the ruling on the special demurrers be reviewed is accordingly denied.

■ The evidence authorized the verdict, as the jury was authorized to find from the evidence adduced upon the trial that the defendant employed the plaintiffs as her attorneys to perform the services alleged in the petition, that the plaintiffs fully per-

formed those services, and that the reasonable value of those services was the sum sued for and returned by the jury.

■ Special ground 1 is incomplete and will not be considered, as it fails to set out what evidence was illegally admitted as contended. *Patterson* v. *Farish*, 34 *Ga. App.* 785 (131 S. E. 186).

■ In special grounds 2, 3, and 4, exception is taken to the admission in evidence of certain conversations between one of the plaintiffs and Mr. Conrad, the defendant's former husband, on the ground that such testimony was hearsay. According to the allegations of the petition, the plaintiffs were employed to reach a property settlement between the defendant (then Mrs. Neil Conrad) and her husband. In order to demonstrate to the jury the nature of the plaintiffs' task, it was necessary to show their dealings with Mr. Conrad in the matter. The testimony as to what he said during these negotiations was not offered to establish the truth of his statements, but the factum of his having made them during the negotiations illustrated his attitude and the difficulty which confronted the plaintiffs in the performance of the task of reaching a property settlement between Mr. and Mrs. Conrad. It was made clear to both the court and the jury that it was for this purpose alone that the statements of Mr. Conrad were introduced; and while as to their truth they were hearsay, they were admissible for the purpose for which they were offered. Code § 38-302; *King* v. *State*, 83 *Ga. App.* 175 (63 S. E. 2d 292). This is an exception to the hearsay rule, and the trial court did not err in admitting the evidence for such restricted use. There is no merit in special grounds 2, 3, and 4.

■ In special ground 5, exception is taken to the introduction of secondary evidence of what Mr. Conrad demanded as a settlement price. While from this ground it is made to appear that the question was asked, it does not appear that the question was ever answered. The ground is incomplete and will not be considered.

■ In special ground 6, exception is taken to the introduction in evidence of an inventory of the property owned by Mr. and Mrs. Conrad, which had been prepared by Mr. Conrad. The only objection urged against this document at the trial was that it was a self-serving declaration, and that is the only objection which may be considered here. The declaration contained in the

inventory was that of Mr. Conrad, not that of the plaintiff witness, and can in no sense be said to be a self-serving declaration of the plaintiff witness, however much it may have served his purpose in his effort to establish the financial worth of his client, the defendant. There is no merit in this special ground.

■ In special ground 7, exception is taken to the introduction of a copy of the property settlement finally reached between Mrs. Conrad and her husband, on the ground that the original of the settlement agreement was on file and no notice to produce was given nor had any certified copy of the agreement been introduced. It appears rather that, instead of being a copy, the document introduced was a duplicate original signed by both parties at the same time as the original. Such duplicates constitute primary instead of secondary evidence and are admissible without the necessity of first serving a notice to produce the "original." *Savannah Bank & Trust Co.* v. *Purvis,* 6 *Ga. App.* 275 (65 S. E. 35). There is no merit in this special ground.

■ In special ground 8, exception is taken to the introduction of a copy of a certain receipt in evidence. It appears from this ground, however, that the objection urged at the time of the trial was to the introduction of copies of certain letters on the ground that they were secondary evidence, but it does not appear from this ground what objection was urged against the introduction of the receipt. Consequently no question is presented for determination by this court in this special ground.

■ In special ground 9, exception is taken to the failure of the trial court to grant a mistrial based upon certain alleged improprieties in a hypothetical question posed to three attorneys for the purpose of having them give their opinion of the reasonable value of the services of the plaintiffs to the defendant. The objections urged against the hypothetical question were that no proper foundation of fact had been laid, and that it placed the defendant's worldly worth in issue. The grant of a mistrial is within the discretion of the trial court, and it does not appear from this ground that the trial court abused its discretion in refusing the motion for mistrial. Every fact contained in the hypothetical question was deducible from the evidence in the case, and the proper foundation was consequently laid. There is no intimation in the hypothetical question as to the defendant's

pecuniary condition at the time of the trial. While her worldly worth at the time of her employing the plaintiffs is established, it is necessary in cases of this nature to determine the reasonable value of an attorney's services by the circumstances of each particular case. Among other things to be considered are the importance and results of the work performed by the attorney, the difficulties involved, the prominence or character of the parties, where it affects the importance of the work or litigation; as well as the amount or values involved or recovered. 5 Am. Jur. 379, § 198. The size of the Conrad estate bore upon the difficulty of the settlement which the plaintiffs effected between Mr. and Mrs. Conrad, and also bore upon the difficulty of their preparation of Mrs. Conrad's will, and these difficulties were factors to be considered by the jury in determining the reasonable value of their services to Mrs. Conrad, the defendant. Under these conditions and circumstances, the defendant's pecuniary condition at the time of the employment was relevant in determining the reasonable value of the services performed by the plaintiffs for the defendant, and the hypothetical question, which did not go into the question of her pecuniary condition at the time of the trial, was not improper.

The trial court did not, for any reason assigned, err in denying the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*