## 55793. BARRETT v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals her conviction for the offense of theft by receiving stolen property. *Held:*

1. It is contended that the trial judge erred in admitting into evidence, over objection of the defense, the duplicate of a search warrant. It is contended by defendant's counsel that the state should have obtained the original document and that the duplicate was not the "best evidence." See Code § 38-203, and *Sherman v. State,* 2 Ga. App. 148 (58 SE 393).

Under the provisions of our Code dealing with search warrants, it is stated "the warrant shall be issued in duplicate." Code Ann. § 27-305 (Ga. L. 1966, pp. 567, 569). The search warrant shall be executed within ten days from the time of issuance and if executed the duplicate copy shall be left with any person from whom property has been seized. Code Ann. § 27-306 (Ga. L. 1966, pp. 567, 569). Georgia law has long recognized that a duplicate original of an instrument may be admitted into evidence without violation of the "best evidence" rule. *Beard v. Westmoreland,* 90 Ga. App. 632, 637 (6) (84 SE2d 93); *Simpson v. Charters,* 185 Ga. 592, 598 (4) (196 SE 31). See also *Hannifin v. Wolpert,* 56 Ga. App. 466 (2) (193 SE 81).

Moreover, a witness for the state testified, without objection, as to the contents of the search warrant. The admission of improper evidence is harmless when the fact sought to be shown is otherwise fully and properly established. See *Williams v. State,* 135 Ga. App. 919 (1)

(219 SE2d 632); *Burch v. State,* 141 Ga. App. 173 (2) (233 SE2d 31). Thus, even if the admission of the evidence had been error, it was cumulative and harmless.

2. The trial judge in the charge to the jury gave an instruction with regard to intent concerning the crime of burglary. However, he made no specific charge on intent in instructing the jury as to the crime of theft by receiving stolen property. It is urged that this removes from the jury's consideration the fact that the state must prove beyond a reasonable doubt the specific intent of the defendant to commit the offense of theft by receiving stolen property.

It has long been a rule in this state, that it is not error, in the absence of request, to fail to charge the Code section requiring of a criminal act that there must be a joint operation of act and intention (now Georgia Criminal Code § 26-601; Code Ann. § 26-601 (Ga. L. 1968, pp. 1249, 1269)), where the court fully charged on the essential elements of the crime with which the defendant was charged. *Fleming v. State,* 74 Ga. App. 864 (3) (41 SE2d 824). Accord, *Bennett v. State,* 49 Ga. App. 804 (4) (176 SE 148); *Tucker v. State,* 94 Ga. App. 468, 471 (4) (95 SE2d 296); *Nestor v. State,* 122 Ga. App. 290 (3) (176 SE2d 637).

3. The last two enumerations of error assert that the trial court failed to offer the defendant a hearing out of the presence of the jury (1) before incriminating statements allegedly made by the defendant were allowed to be testified to by the state's witness, and (2) to determine the voluntariness of the defendant's alleged statement contained in the search warrant.

During the course of the trial the defendant made no objection nor sought to raise any issue with regard to whether the statements in question were voluntary. Absent a proper objection and any evidence that the defendant's statement was involuntary, its admission into evidence without a hearing was not error. *Taylor v. State,* 143 Ga. App. 881, 883 (2) (240 SE2d 236). As the United States Supreme Court has held "the Constitution does not require a voluntariness hearing absent some contemporaneous challenge to the use of the confession." Wainwright v. Sykes, 433 U. S. 72, 86 (97 SC 2497, 53 LE2d 594).

*Judgment affirmed. Webb and McMurray, JJ., concur.*

SUBMITTED MAY 3, 1978 — DECIDED JUNE 12, 1978.

*J. Alfred Johnson,* for appellant.

*Thomas J. Charron, District Attorney, Amy Annelle Hembree, Assistant District Attorney,* for appellee.

*Judgment affirmed. Webb and McMurray, JJ., concur.*