Lee, Wyly & Company vs. Overstreet's Administrator.

was not a rebellious organization, and it had every quality of a *de facto* government that a *de facto* government can have It was not obnoxious to the objection of the government set up during the war, that it was in antagonism to the Constitution of the United States. If it was not a strictly legal organization, under the Constitution of the United States, (which question we do not enter into). It was at least, even according to the theory of the plaintiff, the mode and manner by which the military power exercised its control. In any event, therefore, the *mandamus* was properly refused.

Judgment affirmed.

---

| 44 | 507 |
| 101 | 628 |

LEE, WYLY & COMPANY, plaintiffs in error, *vs.* SILAS OVERSTREET'S ADMINISTRATOR, defendant in error.

When there was a written agreement that one party would furnish and the other take all the crude turpentine made on a certain plantation when delivered in lots of forty barrels and pay for the lots on delivery, and if either party failed he should forfeit $1,000 00 :

*Held*, That the $1,000 is to be considered a penalty and not liquidated damages, and on a failure of either party the actual damage is all that can be recovered.

Liquidated damages.    Penalty.    Before Judge SESSIONS. Pierce Superior Court.    September Term, 1869.

In 1866, Lee, Wyly & Company and Overstreet made the following contract: Overstreet was to furnish them all crude turpentine, made on his farm during that year, at $5 00 for each barrel weighing, gross, two hundred and eighty pounds, delivered at Station Seven and one-half, Atlantic and Gulf Railroad, in good order ; they to give him a sight draft on Savannah upon such delivery of each car load of forty barrels. And they agreed that " either party failing to perform their part forfeits to the other the sum of $1,000 00." Overstreet sued them for said $1,000 00,

averring that, at one time, he delivered thirty-seven barrels and at another thirty-six barrels of such turpentine at said place, for them, and they refused to comply with their said contract. Without proof of any special damage, he closed his case.

The Court charged the jury that said agreement was not a penal bond, but that the $1,000 00 was stipulated damages, and that, if they found for plaintiff, they should find that sum. They found according to the charge. Said charge is assigned as error. (The cause was continued here twice for want of administration of Overstreet's estate, he having died *pendente lite.*)

HARRIS & WILLIAMS; T. M. NORWOOD; A. W. HAMMOND & SON, for plaintiffs in error, cited 3 John. Cases, 297; 7 Wheat. R., 198; 1 Pick. R., 443; 2d, 258; 3 Jones' N. C. R., 330; 2d, 15; 4 Dallas R., 149; 16 N. Y. R., 275; 5 Metc. R., 61; 17 Ga. R., 609; 6 Bos. & Cress., 216; 2 Bos. & Pull., 346; 6 Bingh. R., 141; R. Code, sec. 2889.

WARE & NICHOLS; CLARK & SPENCER; GLENN & SON, for defendant.

McCAY, Judge.

Our Code, section 2890, declares that "penalties in bonds are not liquidated damages, and even if called such, if it appear unreasonable, and not so actually intended by the parties, the law will give only the actual damages. And in all cases, if the damages are capable of computation, and is not uncertain in its character, such stipulations will not be declared penalties." The breach alleged here is a failure to take and pay for two lots of this turpentine. The damages can easily be ascertained. The difference between the price agreed upon and the worth of the article, at the time, in the market, is, *prima facie*, the measure of damages. The thing bargained about is an article of merchandise. It has always

a market value, and the case comes exactly within the provision of the Code, which we have quoted.

If such a contract as this is not a penalty, we see no limitation at all to the stipulation which parties may make, however onerous and unconscionable. Why, if this is not a penalty, may not one bind himself in a penalty of, say $1,000 00, to pay twenty cents per pound for all the cotton one may make, on a particular place, during any one year, and yet this is just the sort of case that begot the first interference, by Courts of equity, with such agreements.

We think this was clearly a penalty, and not liquidated damages.

Judgment reversed.