## Jones *v.* The State.

1. Under the evidence, it is not cause for granting a new trial that the court charged the jury on the law of voluntary manslaughter and submitted that grade of homicide as a question before the jury for their finding.
2. Though there was much conflict in the evidence, the verdict is supported and is not contrary to law.
3. The newly discovered evidence is not such as to require a new trial.                                    *Judgment affirmed.*

July 13, 1891.

Criminal law. Evidence. Charge of court. Manslaughter. New trial. Before Judge Hutchins. Oconee superior court. July term, 1890.

Percy Jones was indicted for the murder of Scott Long, and was found guilty of voluntary manslaughter. He moved for a new trial on the grounds that the verdict was contrary to law, evidence, etc.; that the verdict was a compromise verdict and not warranted by any of the evidence in the case; that the court erred in charging the jury the law of voluntary manslaughter, and that they would be authorized to return such a verdict; that the verdict was contrary to a certain portion of the charge; and that a new trial should be granted for newly discovered testimony.

The evidence for the State made a case of murder. The evidence for the defendant was to this effect: The fatal difficulty occurred at a dance. Two men (not defendant nor deceased) began disputing about dancing, and in the quarrel ran over defendant, who told them to watch out or he would cripple somebody. Sophie Carithers said, "You talk about killing my husband,"

and struck defendant with a torch two or three times. (According to the evidence, the defendant had not said anything to her husband nor had any difficulty with him; and the husband was not one of the two above mentioned.) The defendant made a motion as if he would strike her, and Scott Long came up with his pistol and said he would take her part. Defendant hit Long with a little stick he had in his hand and ran off. Long snapped his pistol at him, and after he got into the yard, shot twice at him. He came back in the house and Long pursued him; he retreated and Long advanced on him with the pistol in his hand; and defendant dropped on his knees, said, " Lord have mercy," and shot Long under the cheek bone, killing him.

The newly discovered evidence was by affidavits of three persons to the effect that they had thoroughly examined the house in which the killing was done, both the walls and the roof, and found no hole made by a pistol-ball, nor any impression of a pistol-ball on the wall or roof; and that the house, from its appearance, had undergone no change since the shooting was done. The materiality of this rests upon the fact that the testimony for the State was, that defendant fired twice at deceased, only one ball striking him, and the testimony for the defendant was that he fired only once.

B. E. Thrasher and E. T. Brown, by J. H. Lumpkin, for plaintiff in error.

R. B. Russell, solicitor-general, by brief, *contra.*