IN THE

# SUPREME COURT OF APPEALS

OF

# VIRGINIA.

---

## Richmond.

### STONY CREEK LUMBER COMPANY v. FIELDS & COMPANY.

NOVEMBER 19, 1903.

Absent, Buchanan, J.*

1. PENALTY AND LIQUIDATED DAMAGES DISTINGUISHED.—Whether a given sum agreed to be paid in case of the breach of a contract is to be regarded as liquidated damages or as a penalty must depend on the facts of the particular case, regardless of the name by which the parties have called it. If the contract is for the doing of a single specific act, and there is no adequate means of determining from the contract or otherwise the precise damage which may result from its breach, the sum agreed will generally be regarded as liquidated damages and not a penalty; but, when from the nature of the contract or the work to be performed it is not difficult or impossible to ascertain the damages resulting from a breach, the sum stipulated will generally be regarded as a penalty.
2. CONTRACTS—*Periodical Payments—Reservation of a Per Cent—Penalty—Security.*—Where a *per cent* of periodical payments under a contract to cut and deliver wood is reserved until the contract is completed, the sum reserved is regarded as a penalty or security

---

*Judge Buchanan was detained at home by sickness.

for the completion of the work, or the payment of the damages resulting from a failure to complete it.

3. PLEADING—*Jeofails*—*Lack of Issue.*—The statute of *jeofails* does not cure a total want of issue.

Error to a judgment of the Circuit Court of Scott county, rendered March 21, 1903, in an action of *assumpsit,* wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Reversed.*

The opinion states the case.

*Richmond & Bond,* for the plaintiff in error.

*Hoge & Bailey* and *W. S. Cox,* for the defendants in error.

CARDWELL, J., delivered the opinion of the court.

The Stony Creek Lumber Company, a corporation, brought its action of *assumpsit* in the Circuit Court of Scott county against Oliver Fields, J. G. Fields and Rufus Fields, partners under the firm name of Fields & Co., having for its object the securing of $500.00 damages for breach of a written contract to do a certain job of logging, and $355.90, balance on store account alleged to be due the plaintiff. The defendants plead jointly the general issue of *non assumpsit,* filing therewith their grounds of defence, and also a cross demand of set-offs, alleging that the plaintiff was indebted to them in the sum of $204.10, a reserve of fifty cents on the thousand for 408,190 feet of logs cut and delivered by them, and also $128.40, damage for what their profits would have been on 256,807 feet which the plaintiff prevented them from delivering. Upon the issues joined on these several pleas, a trial was had, resulting in a verdict and judgment for $355.90 in favor of the plaintiff against Rufus Fields alone for the balance due on the store account, and for $140.39 in favor of Oliver and J. G. Fields against the plaintiff.

To this judgment a writ of error was awarded the plaintiff by one of the judges of this court, and the first error assigned is the refusal of the trial court to allow S. M. Henofer, the secretary and general manager of the Stony Creek Lumber Company, to answer the question, "Please state what, if anything, the plaintiff company was damaged on account of the defendants failing to comply with their contract now in contróversy ?"

It appears that the reason for the refusal to allow the question to be answered was that the following stipulation in the contract sued on, "Fifty cents per *M* ft. is to be reserved from the payments which are to be made monthly till the contract is completed," constituted liquidated damages, and if there was a violation of the contract, the parties themselves had fixed the damages.

It is well recognized in all the authorities that it is competent for parties entering on an agreement to avoid all future questions of damage which may result from a violation thereof, and to agree upon a definite sum as that which shall be paid to the party who alleges and establishes the violation. In such a case the damages so fixed are termed *liquidated, stipulated* or *stated* damages. *Welch* v. *McDonald,* 85 Va. 500, 8 S. E. 711, and authorities cited. But the authorities are not harmonious as to when the sum stated in a contract to be paid or forfeited by one party to the other upon a breach of the contract is to be regarded as liquidated damages, or a penalty, and the decisions seem each to have been on the particular facts of the case. We have no decision in this State construing a contract of the type here under consideration; that is, having the provision that a part of the consideration to be paid at stated times, or as work progresses, shall be retained by the employer as security for complete performance or damages for any breach by the other party, and in the other States the decisions as to whether such a stipulation is to be construed as liquidated damages or a penalty are not uniform.

In *Wolf, &c.,* v. *The Des Moines, &c., Ry. Co.* 64 *Iowa,* 380, 20 N. W. 481, the contract stipulated for a reservation of ten *per cent.* of the payments to be made monthly, *"as liquidated damages,"* until the completion of the work, when a final settlement and payment was to be made within thirty days: Held, that the sum so reserved constituted liquidated damages, but the opinion says: "The question whether a sum named in a contract as liquidated damages for a failure to perform shall be treated as liquidated damages in fact, or only in the nature of a penalty, is not concluded by the terms used by the parties, but is to be determined by the court from a consideration of the nature of the agreement and the surrounding circumstances. When, from the nature of the contract, the extent of the damages which would result from a breach thereof is difficult or impossible of ascertainment, and the parties have deliberately named a sum as liquidated damages, the courts are more disposed to hold them to a literal interpretation of their own words." Here, as will be observed, it was considered that from the nature of the contract the extent of the damages which resulted from the breach was difficult or impossible of ascertainment, therefore, it was a proper case in which to treat the sum, which the parties had deliberately named, as liquidated damages.

In *Clements* v. *Schuyl. R. R., &c., Co.,* 132 Pa. 445, 19 Atl. 274, 276, the same view of the law is taken, but the court was of opinion that the contract was an unconscionable one, and held the sum fixed by the contract as a penalty and not as stipulated or liquidated damages. The contract in that case was to raise a dwelling. The house and the lot upon which it was erected were worth about $3,000.00, and the rental value was about $25.00. The contract provided that the owner should be paid $150.00 per week after the expiration of the period within which the work was to be completed. The verdict and judgment was in favor of the plaintiff for $4,400 damages, and in the opinion of the appellate court it is said that it was

the plain duty of a court exercising equity powers to relieve against such injustice, and that it was no injustice to allow the plaintiffs to recover such loss as they could show they had sustained, since the damages could be easily and accurately assessed.

To the same effect is *Welch* v. *McDonald, supra,* where the contract provided that the defendant was to pay to the plaintiff $5.00 per day for each day after the period at which the contract was to be fulfilled, and the jury had rendered a verdict in favor of the plaintiff for $1,907.38, as damages for the breach of the contract, when for the full completion of it the defendant was to receive only $750.00.

In *Streeper* v. *Williams,* 48 Pa. 450, the opinion by Mr. Justice Agnew says: "Upon the whole, the only general observation we can make is, that in each case we must look at the language of the contract, the intention of the parties as gathered from all its provisions, the subject of the contract, and its surroundings, the ease and difficulty of measuring the breach in damages, and the sum stipulated, and from the whole gather the view which good conscience and equity ought to take of the case."

Sedgwick, in his work on Damages, Vol. I., sec. 412, says: "Whenever the stipulated sum is to be paid on breach of a contract of such a nature that the loss may be much greater or much less than the sum, it will not be allowed as liquidated damages. In a contract providing for payment in instalments it is often provided that a certain proportion of the contract price shall be retained at each payment; and upon breach of the contract the whole sum so retained shall be forfeited. It is held in some of the States, and this seems the correct view, that this sum bears no proportion to the actual damage, since the earlier (and presumably the more injurious) the breach, the less the stipulated damages are; and in these States the amount is, therefore, not allowed as liquidated damages. In other States, however, the amount, if not excessive, is allowed."

In *S. & C. R. Rd. Co.* v. *Callahan,* 56 Ga. 331, the question was, whether the stipulation in the contract for retaining ten *per cent.* of the periodical cash estimates until the completion of the work, should be treated as a penalty or stipulated damages, and it was held to be a penalty. The opinion says: "Such questions are among the most vexed in the law. Notwithstanding the hundreds, or perhaps thousands, of cases to be found on the subject, each case must depend, in a great degree, on its own facts; and we think the facts of the present case give it a closer alliance with penalty than with stipulated damages."

A similar provision was contained in the contract construed in *Dullaghan* v. *Fitch,* 42 Wis. 679, and the view taken was that the fifteen *per cent.* reserved out of the periodical payments was in the nature of a penalty, as distinguished from liquidated damages, and was intended to indemnify the party retaining it against loss from a breach of the contract.

Where the contract was for doing a simple specific act, and there were no adequate means furnished by the contract or otherwise for ascertaining the precise damage which might result from a breach of it, the courts seem to have held quite uniformly that the sum stipulated to be paid or forfeited should be regarded as liquidated damages and not as a penalty. But when, from the nature of the contract or the work to be performed, it is not difficult or impossible to ascertain and assess the damages resulting from a failure to perform, the decisions, with equal unanimity, hold that the sum reserved from periodical payments until final settlement, or until the work is completed, is to be treated as in the nature of a penalty or as security for the completion of the work or the payment of the damages resulting from a failure to complete the work, and the weight of authority is unquestionably that way, when from the subject matter of the contract, the nature of the stipulations and the surrounding circumstances, it is made to appear what was

the real intent of the parties.   *Cushing* v. *Drew,* 97 Mass. 445;
*Clements* v. *R. Rd. Co., supra; Condon* v. *Kemper,* and note
thereto, 13 L. R. A. 671.

The subject matter of the contract, in the case at bar, is the
cutting of logs from an agreed area or locality, and the delivery
of them to a named line of railroad, for which work one of the
parties, the Stony Creek Lumber Company, was to pay, and
the other, Fields and Company, to receive, a stipulated sum per
*M* feet, for all logs cut and delivered, but the sum of fifty cents
per *M* feet is retained on the payments to be made monthly
until the completion of the entire work.   It would seem wholly
unreasonable to deduce from this contract that it was intended
by the parties that the stipulation for the reserve of fifty cents
per *M* feet of the logs delivered, until the completion of the
entire work, was to be regarded as stipulated or liquidated dam-
ages, and not merely as a security for the completion of the
work.   To so construe this type of contract would oftener than
otherwise work inequality and injustice, since the nearer the
approach of the completion of the work its breach occurred, the
larger would be the amount withheld, and the nearer the be-
ginning of the work the breach occurred the less would be the
amount retained as damages, although, presumably the breach
would be more injurious in the latter case than in the former.
If the sum reserved until the fulfillment of the contract be
treated as a penalty or as a security for its fulfillment and not
as liquidated damages, no injury could result to either party;
as, in such a case, the party injured by the breach would be
entitled to recover of the offending party the damages he alleges
and proves, no more and no less.   We see nothing in the con-
tract under consideration to indicate that it would be impossi-
ble, or even difficult, to establish, by competent proof, the actual
damages resulting from its breach, if a breach be shown.   It
follows that we are of opinion that the Circuit Court erred in
not allowing the plaintiff to introduce its evidence as to the

damages sustained by reason of the alleged breach of the contract in question on the part of the defendants.

The remaining assignments of error raise in different forms the question: Whether the defendants, who had entered no plea denying the partnership alleged in the declaration, could rely on the evidence introduced tending to show that the alleged partnership had been terminated when the cause of action arose upon which the suit is brought, but, as the case must go back for retrial, we do not deem it necessary to consider these assignments, since the defendants will have an opportunity to file the plea required under the statute, section 3280 of the Code, if either one or more of them rely on the defence that the alleged partnership had terminated before the cause of action arose.

This is not a case in which the defendants can invoke the statute of *jeofails,* as that statute does not cure a total want of issue. 4 Minor's Inst., Part I. 942, and authorities cited; *Petty* v. *The Frick Co.,* 86 Va. 501, 10 S. E. 886. Nor is it a case for the application of the rule "that when upon a survey of the whole record the judgment appears to be substantially right it will be affirmed, notwithstanding an error may have been committed in the progress of the cause," &c.

The judgment of the Circuit Court must be reversed and annulled, the verdict of the jury set aside, and the cause remanded for a new trial to be had in accordance with this opinion.

*Reversed.*