## ROBINSON *v.* THE STATE.

1. On the trial of one indicted for murder, where a witness testified that the deceased came up to the place where the accused was sitting, and "walked up coming along going to town," the words "going to town" were apparently a conclusion of the witness. If he meant that the deceased was going in the direction of town, it was not clearly expressed.

But the admission of this evidence alone would not be sufficiently material to require a new trial.

2. The evidence of the witness by whom it was sought to show a dying declaration, as set forth in the brief of evidence, is confused, and the question as to whether there was enough to show prima facie that the deceased was conscious that he was in articulo mortis when he made the declaration is left in grave doubt. As the case is to be returned for a new trial on another ground, on the next hearing it can be made more plainly to appear whether, at the time of making the declaration, the declarant was in articulo mortis, and whether at that time he was conscious of his condition. A prima facie case as to those matters is sufficient to carry the statement offered as a dying declaration to the jury, leaving to them the ultimate determination as to whether or not the person making such declaration was in the article of death and realized his condition. But, either from affirmative statement, or from circumstances, or from both, a prima facie case on these points must be made before the declaration will be admitted. See Penal Code, § 1000; *Mitchell* v. *State*, 71 *Ga.* 148; *Findley* v. *State*, 125 *Ga.* 579 (54 S. E. 106); *Bird* v. *State*, 128 *Ga.* 254 (57 S. E. 320); *Jones* v. *State*, ante, 274.

3. There was no error in admitting evidence to show that when the accused was carried to jail, about fifteen or twenty minutes after the homicide, he exhibited evidences that he had been drinking.

4. Under the evidence in this case, there was no error in charging as follows: "So if a killing be done, if a life be taken, and the party doing the killing is not justified under the law of self-defense, or if there are no circumstances to mitigate the killing, to reduce it to a lower grade of homicide, the killing would be murder." The evidence on behalf of the accused tended to set up self-defense. It did not involve defense of the wife of the accused against a felonious attack, so as to render the charge quoted objectionable as excluding that as one of the defenses of the accused.

5. It was error to charge that when a man is conscious that he is dying or about to die, and has received a fatal wound from which of necessity he must die, and makes statements in view of approaching death, the law presumes that such statements are true; nor was the harmful effect of such error relieved by a recharge in which the judge informed the jury that he desired to correct the former charge, and instructed them that if a man is dying or about to die, and has reason to believe that of necessity he must die, and makes a statement in view of approaching death, "the law treats that statement as having the sanctity of truth, and gives it such dignity as allows it to be admitted in evidence to be considered by the jury."

6. There was no error in charging that in determining whether or not a person who had been shot and who died shortly thereafter, and whose statement was offered as a dying declaration, was in fact in a dying condition when the statement was made, the jury could consider, along with the other evidence on the subject, the nature and character of the wound and its seriousness.

Argued March 16, — Decided March 25, 1908.

Indictment for murder. Before Judge Worrill. Terrell superior court. February 8, 1908.

*M. C. Edwards, Dasher & Parks,* and *James G. Parks,* for plaintiff in error. *John C. Hart, attorney-general, J. A. Laing, solicitor-general, R. R. Arnold,* and *J. B. Ridley,* contra.

LUMPKIN, J. Amos Robinson was indicted for murder and found guilty, with a recommendation that he be imprisoned in the penitentiary for life. He moved for a new trial, and upon the overruling of the motion filed a bill of exceptions. The headnotes sufficiently deal with the grounds of the motion for a new trial, except that complaining of the charge in regard to dying declarations. Such declarations, made by a person in the article of death, who is conscious of his condition, as to the cause of his death and the person who killed him, are admissible in evidence in a prosecution for the homicide. Penal Code, §1000. The presiding judge first charged the jury that the law presumes that a dying declaration made under such circumstances is true. Realizing that this instruction was erroneous, he subsequently recalled the jury from the room to which they had retired, informed them that he had not intended to make that statement and desired to correct it, and then recharged them on the subject. In this second charge, referring to a statement made by one who is dying and is conscious of his condition, he said that "the law treats that statement as having the sanctity of truth, and gives it such dignity as allows it to be admitted in evidence to be considered by the jury." The charge that the law treats a dying declaration as having "the sanctity of truth" was subject to the same objection as the original charge. It dealt with the weight of the evidence, not merely its admissibility. Doubtless this was unintentional on the part of the learned judge who gave the charge; but jurors are often, perhaps generally, inclined to give great weight to dying declarations without being instructed to do so; and if they are informed by the judge that the law treats such statements as having "the sanctity of truth," it is calculated to give undue emphasis to the weight to be attached to such evidence. For this error a new trial must be granted. As the case is returned to the superior court for another trial, we express no opinion as to the sufficiency of the evidence.      *Judgment reversed. All the Justices concur.*