MAYOR AND COUNCIL OF WASHINGTON *v.* POTOMAC
ENGINEERING AND CONSTRUCTION COMPANY.

A provision in a contract for the construction of a waterworks system for
a city, that if the same is not completed by a fixed date the company
undertaking the construction of the system shall pay a certain amount
for each day's delay after the time fixed, should be construed as one for
stipulated damages and not as a penalty,—it appearing that it would
be difficult, if not impossible, to ascertain the actual damages arising
from such delay, and there being nothing to show that the amount stip-
ulated is unreasonable.

Argued January 22,—Decided June 28, 1909.

Complaint. Before Judge Worley. Wilkes superior court. May
6, 1908.

*F. H. Colley* and *S. H. Hardeman,* for plaintiff in error.
*William Wynne* and *J. M. Pitner,* contra.

BECK, J. The Potomac Engineering and Construction Com-
pany brought suit against the Mayor and Council of Washington,
Georgia, alleging that the defendant was indebted to the petitioner
for work and labor done and material furnished in constructing
a waterworks system for the municipality, under the terms of a
certain contract entered into by the plaintiff and the defendant.
In the petition it is alleged that the plaintiff had fully completed
the work required by the contract, and that the amount sued for
was then due. The defendant admitted in his answer that it
owed the plaintiff a part of the sum sued for, but insisted that the
claim of the plaintiff should be reduced, because of its failure
to complete the work which under the contract it was bound to
perform by a certain date fixed in the contract; and that under
the terms of the contract the plaintiff became bound "to pay to
the City of Washington the sum of $20.00 for each additional day
over and above the allotted time that is required to finish the work."
The quotation immediately preceding is from the contract itself;
and it is also stipulated in the contract that "Strict compliance
with the above clause will be insisted on." The defendant con-
tended that the portion of the contract just referred to is one
for liquidated damages, while the plaintiff insisted that the pro-
vision in the contract imposed a penalty and that it was non-en-
forceable in the absence of proof showing damages to the city on
account of the delay in completing the work.

54

While the court did not charge the jury in the case, but directed a verdict for the plaintiff, it appears from the amount found for the plaintiff, and from the recital in the motion for a new trial, that the court agreed with the plaintiff in its construction of that clause of the contract which we have under consideration. But when we consider the subject-matter of the contract, in connection with the express provision for damages above set forth, and the difficulty, if not the absolute impossibility, of computing the damages which might accrue to the city in the event of a failure upon the part of the construction company to complete its work by the date fixed in the contract, reasons which appear unanswerable point to a different conclusion from that reached by the court below. "The subject-matter and nature of the contract are important elements in determining whether the stipulation shall be treated as liquidated damages or held to be a penalty. Where it was agreed 'that either party failing to perform their part forfeits to the other $1,000,' and the breach alleged was a failure to take and pay for two lots of turpentine, it was held that the damages were easily ascertained, and it was a penalty. *Lee* v. *Overstreet*, 44 *Ga.* 507. Contra, if the damages must necessarily be wholly uncertain and incapable of estimation, the party failing to perform will be held to pay the amount as liquidated damages. *Sanders & Ables* v. *Carter*, 91 *Ga.* 450 [17 S. E. 345], and authorities cited under first headnote." *Heard* v. *Dooly County*, 101 Ga. 619 (28 S. E. 986). See also 2 Page on Contracts, §1183, p. 1812. In the case of Stony Creek Lumber Co. *v.* Fields, 102 Va. 1 (45 S. E. 797), the law is stated as follows: "Whether a given sum agreed to be paid in case of the breach of a contract is to be regarded as liquidated damages or as a penalty must depend on the facts of the particular case, regardless of the name by which the parties have called it. If the contract is for the doing of a single specific act, and there is no adequate means of determining, from the contract or otherwise, the precise damage which may result from its breach, the sum agreed will generally be regarded as liquidated damages, and not a penalty; but when, from the nature of the contract or the work to be performed, it is not difficult or impossible to ascertain the damages resulting from a breach, the sum stipulated will generally be regarded as a penalty." See also the case of Charleston Lumber Co. *v.* Fried-

man (W. Va.), 61 S. E. 815. In the case last cited will be found a large number of cases bearing directly on the question now being dealt with. Numerous other cases, sustaining the view that the stipulation for the payment of $20 per day to the City of Washington was not a penalty but was one for liquidated damages, might be cited; but the copious citations and extracts from the decisions of other courts, which appear in the case of the Lumber Co. *v*. Friedman, supra, render it unnecessary. The case of Lansom *v*. City of Marshall, 133 Mich. 250 (95 N. W. 78), is very closely in point, because of the similarity in the provision for damages to be paid by the company constructing a sewer in the event of failure to complete the work by a given date. Taking into consideration the principles of law to be applied in construing stipulations for the payment of damages for failure to complete a contract by a fixed date, in connection with the fact that this contract was for the performance of one specific act, and that it would be practicably impossible to show or to estimate the damages arising from a breach of the contract, we think that this provision can not be otherwise construed than as one for liquidated damages, especially as there is nothing in the record to show that the amount was unreasonable or disproportionate to the actual damages that might accrue.

*Judgment reversed. All the Justices concur.*