## SEWELL *v.* THE STATE.

LUMPKIN, J. 1. In a murder case it was error to charge the jury that "When death is approaching and the dying man has lost hope of life, and his mind feels the full consciousness of his condition, the solemnity of the scene gives to his statement the sanctity of truth, and such dying declaration, when made under such circumstances, may be given in evidence and submitted to the jury." Such charge tended to unduly impress the minds of the jury with the weight of the evidence contained in dying declarations, as to which juries do not require any emphasis from the bench. *Robinson* v. *State,* 130 *Ga.* 361 (5), 362 (60 S. E. 1005); *Pyle* v. *State,* 4 *Ga. App.* 811 (62 S. E. 540).

2. It was an undesirable mode of expression to charge: "But if the killing was not done to prevent a felony; if the deceased had no weapon in his hand at the time; if he was not endeavoring to commit a felony upon the person of the defendant, and he killed him, and malice is shown by

the evidence, it would not be a case of justifiable homicide, but it would be a case of murder." In the form of expression used the jury might have thought that each of these propositions was separable, so that if the deceased had no weapon in his hand it would be a case of murder. Whether or not this would require a reversal, need not be determined.

3. A similar observation may be made in regard to the following charge: "Gentlemen, you are charged with a serious duty, the highest duty that can devolve upon man; you have no concern with the defendant's condition or the question of his physical condition; you are not concerned with any question of sympathy for the living or the dead." Inasmuch as the defendant contended that he had been attacked by the deceased, and that he was suffering from tuberculosis and in a weak condition, the jury might have understood this charge as affecting that contention, and not merely as applying to the condition of the defendant at the time of the trial.

4. None of the other grounds of the motion for a new trial require a reversal for the reasons assigned in them respectively, or require discussion in detail.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

DECEMBER 15, 1914.

Indictment for murder. Before Judge Hill. Fulton superior court. October 14, 1914.

*Edgar Latham, Paul L. Bartlett,* and *Moore & Branch,* for plaintiff in error. *Warren Grice, attorney-general, Hugh M. Dorsey, solicitor-general,* and *Evans & Evans,* contra.