## MITCHELL *v.* THE STATE.

GILBERT, J. 1. The defendant was indicted and tried for the homicide of Henry Sam Mitchell. The indictment charged that the defendant administered arsenic poison to the deceased, through the mouth, which caused the death of the deceased. The jury returned a verdict of guilty, with a recommendation of life imprisonment. The motion of the defendant for a new trial being overruled, he excepted. The case was here on a former occasion, and the judgment was reversed on the ground that certain evidence was improperly admitted. 152 *Ga.* 375 (109 S. E. 357). Under the evidence the jury were fully authorized to find that the deceased came to his death from the effects of arsenic poison administered through the mouth as charged; that the defendant had a motive for bringing about said death; that the evidence disclosed no such motive upon the part of any other person; that the defendant had procured insurance upon the life of the deceased; that he· was beneficiary under a large policy of insurance obtained from the United States Government on the life of the deceased; that the accused had, without authority, signed the names of other persons connected with said insurance and the death of the insured; that the defendant was a physician and therefore possessed some knowledge of chemistry and poisons; that the defendant assigned a cause for the death which was untrue; that the defendant endeavored to influence witnesses as to their evidence; that the defendant was alone with the deceased at a late hour in the night in the drug-store of the defendant, immediately preceding the inception of the fatal illness; and that he had opportunity for committing the offense; and the jury were authorized to find that the evidence presented no other reasonable hypothesis save that the defendant was the person who administered the arsenic poison to the deceased which resulted in the homicide. The evidence was sufficient to support the verdict.

2. One ground of the motion for a new trial is based on alleged newly discovered evidence, to wit, that the defendant has since the trial discovered that the proper method for making the Marsh test for the discovery of arsenic is different from that testified by the State's witness (setting out how the test should be made). Attached to this ground is an affidavit of one alleged to be an expert, experienced chemist, and an explanation by said affiant as to the proper method for making such test. It is not insisted that the method set out in this ground of the motion has been discovered by scientists since the trial. That this is not meritorious as newly discovered evidence is settled by previous decisions of this court. *Jones* v. *State,* 87 *Ga.* 525 (13 S. E. 591); *Hensley* v. *McHan,* 135 *Ga.* 834 (70 S. E. 654); *Shiver* v. *Hill,* 148 *Ga.* 616 (2) (97 S. E. 676). Moreover, this ground of the motion is not accompanied by the affidavits of movant, nor by any of his counsel, to the effect that the same was not known prior to the trial and could not have been discovered by ordinary diligence. Civil Code (1910), § 6086.

3. None of the other grounds of the motion for a new trial show cause

for a reversal, and they are not of such a character as to require that they be dealt with in detail.

*Judgment affirmed. All the Justices concur.*

No. 3356.    December 15, 1922.

Indictment for murder.   Before Judge Mathews.   Bibb superior court.   July 12, 1922.

*John R. Cooper, W. O. Cooper Jr., Clements & Clements, H. F. Strohecker,* and *Viola Ross Napier,* for plaintiff in error.

*George M. Napier, attorney-general, Charles H. Garrett, solicitor-general,* and *Seward M. Smith, asst. atty-gen.,* contra.