### 14391.   BRENARD MANUFACTURING CO. *v.* WINN-WILKES DRUG CO.

BELL, J. This was an action upon promissory notes. It was shown in the defendant's answer that the notes had been given as the purchase price of certain musical instruments purchased for resale, and it was pleaded that the plaintiff had breached its agreement made in writing as a part of the contract of sale, in that it "did entirely fail to take up correspondence with the fifty persons whose names and addresses were given them under the terms of said contract; did entirely fail to send appropriate advertising matter to the persons whose names and addresses were sent them by the defendants under the terms of said contract," a copy of which was attached to the answer. The execution and delivery of the notes were admitted. On the trial the defendants offered in evidence a printed unsigned copy of the contract pleaded, one of the defendants testifying in connection therewith: "There was an original contract. This is not the original contract between me and the plaintiff touching the matter in question. There was an original which I myself

[signed?] at the time signed the notes sued on. The original was retained by the plaintiff's agent who turned this copy over to me." No notice was given to the plaintiff to produce the original. The court refused to admit this instrument in evidence. Other evidence of the defendants tended to show that the alleged contract (assuming its existence) had been breached as pleaded, but no proof whatever was submitted illustrative of the extent of the defendants' damage resulting from the breach. The presiding judge, sitting as court and jury, entered a finding and judgment in favor of the plaintiff for the amount of the notes, with interest. Defendants made a motion for a new trial, containing, besides the general grounds, a special assignment of error upon the rejection from evidence of the document above mentioned. A new trial was granted and the plaintiff excepted to that judgment. *Held:*

1. "Whenever one party to a case claims special damages against the other, he has the burden not only of showing that he has been damaged as alleged, but also of furnishing to the jury data sufficient to enable them to estimate with reasonable certainty the amount of the damages." *National Refrigerator &c. Co.* v. *Parmalee,* 9 *Ga. App.* 725 (1) (72 S. E. 191).

2. Evidence which in itself indicates the existence and accessibility of other and better proof is inadmissible. Civil Code (1910), §§ 5750, 5752. The unsigned copy of the existing original contract was properly excluded, and the special assignment in the motion for a new trial complaining of that ruling afforded no reason for the grant of a new trial; but even if the instrument had been admissible and admitted, a finding in favor of the plaintiff would still have been demanded under the rule set forth in the preceding paragraph.

(a) The defendant's answer also alleged that "the plaintiff refused to receive back the articles received by the defendants under said contract," but, irrespective of whether rescission was sufficiently pleaded or was an available remedy, there was no evidence on the subject.

3. Where, upon a trial in which no evidence is illegally excluded, the evidence demands the verdict as returned or the finding as made, the grant of a new trial is erroneous. This is also true if evidence is excluded which would appear to be admissible at the time it was offered, provided the evidence admitted with that so excluded would still as a matter of law demand the particular result reached.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 23, 1923.

Complaint; from city court of Thomasville—Judge Hammond. January 20, 1923.

*J. E. Craigmiles, W. I. McIntyre,* for plaintiff.

*Eldon L. Joiner,* for defendant.