15808.  WAYNESBORO PLANING MILL *v.* HARGROVE.

The rule as to preponderance of evidence having been given in charge to the jury, and there being no request for additional instructions on that subject, it is not ground for a new trial that the court failed to qualify the expression "should you believe from the testimony in this case," by using instead the words "should you believe from a *preponderance* of testimony," or words of similar import.

In the light of the charge as a whole, the slight inaccuracies. in it do not require a new trial.

The burden of showing that the plaintiff, who was suing for wrongful discharge from employment, could by reasonable diligence have lessened the damage, by procuring other employment, was upon the defendant; and the evidence was not sufficient to show this.

The verdict for the plaintiff was excessive to the extent of $30; and if he will write off from the judgment this excess and all interest prior to judgment, the judgment will stand affirmed; otherwise a new trial is ordered.

DECIDED APRIL 15, 1925.

Breach of contract; from city court of Waynesboro—Judge W. H. Davis. July 2, 1924.

*B. F. Walker, G. C. Andrews, F. S. Burney,* for plaintiff in error.

*E. V. Heath,* contra.

BLOODWORTH, J.  1.  While there are slight inaccuracies of expression in some of the excerpts from the charge of which complaint is made in the motion for a new trial, these inaccuracies, in the light of the entire charge, are not such as likely misled the jury and caused them to return a verdict different from what would have been found had not these inaccuracies appeared. The excerpt from the charge embraced in the first special ground of the motion for a new trial is not subject to the exceptions taken. It was not necessary to .qualify the expression, "Should you believe from the testimony in this case," by using, instead of the words "the testimony," the words, "a preponderance of testimony," or words of similar import, as contended in that ground. The court had correctly charged on the rule as to preponderance of evidence, and there was no request for additional instructions on the subject. See *Georgia, Florida &c. Ry. Co.* v. *Summer,* 133 *Ga.* 134 (1) (65 S. E. 381) ; *Willoughby* v. *Marlin,* 6 *Ga. App.* 154 (64 S. E. 490), and cit. As to the other omission alleged in the same ground, it appears from the copy of the charge of the court, approved by the judge and set up as a part of the record, that "the court actually gave in charge that which it is alleged was erroneously omitted." *Harris* v. *Vallee,* 29 *Ga. App.* 770 (9) (116 S. E. 643).

2. This is a case of alleged wrongful discharge from employment. In *Ga. Fla. & Ala. Ry. Co.* v. *Parsons,* 12 *Ga. App.* 180 (3) (76 S. E. 1063), this court held: "In an action for wrongful discharge from employment, the measure of damages is the full loss which the discharged employee sustained by reason of the breach of the contract of employment. A diminution is to be allowed, however, for any profit which he might, by the exercise of due diligence, have received by reason of his having been relieved from the duties of his employment. The burden of proof that such profit was made, or by reasonable diligence could have been made, is upon the defendant." The 5th ground of the motion for a new trial is as follows: "Because the plaintiff testified he could have procured other employment." Granting that this ground is sufficiently specific to be considered by this court, under the foregoing ruling the burden is upon the defendant to show that by reasonable diligence the plaintiff could have obtained other employment. We do not think this burden was carried by the defendant, although the plaintiff testified that, several years before and in another county, a railway company, when he left its employ, told him that if at any time he wanted a job they would be glad to give it to him; nor by the fact that the plaintiff was offered a job at $175 per month with said railroad company "while the strike was on," without showing when the strike occurred, and that this offer was made after he was discharged by the defendant and before the expiration of the twelve months for which he was employed.

3. Under the contract sued on the plaintiff was entitled to $100 per month from August 7 to November 7, and $125 per month for the other nine months of the contract year. The record shows that he "worked until Oct. 16th" and was paid up to that time. The jury returned the following verdict: "We, the jury, find for the plaintiff the sum of nine hundred twenty-seven and no/100 (927.00) dollars, with interest at seven per cent. from October 7th, 1922." It is impossible to tell from the record exactly what calculation the jury made to reach the conclusion that there was due the plaintiff the principal sum of $927. As we calculate it, without interest, the amount due from October 16th to the end of the contract year is $1195. After his dismissal and prior

to the end of the year for which he was employed, the plaintiff earned from other sources $298. Deduction of this amount from the $1195 shows the balance due the plaintiff to be $897. The verdict is for $927 principal. It is therefore excessive by $30. Moreover, the interest was not sued for; yet in their verdict the jury included interest and that too from a time before the first installment of the principal became due. This was error even though the judge instructed the jury that in rendering their verdict they should state the amount of the principal "with interest at the rate of seven per cent. per annum from the date that you find that (the principal) sum became due." *McConnell* v. *Selph,* 30 *Ga. App.* 795 (119 S. E. 438), and cases cited.

If the plaintiff will write off from the judgment this excess of $30 principal, and all interest prior to judgment, the judgment is affirmed; otherwise a new trial is ordered.

*Judgment affirmed on condition. Broyles, C. J., and Luke, J., concur.*