*Brown & Brown,* for plaintiffs.

*C. L. Shepard,* for defendant.

---

16248.  KENNEDY & PIKE *v.* PHILLIPS.

BELL, J.  1. In an action for the purchase-price of standing timber sold
at so much "per 1000 feet cut therefrom" in which the complaint alleged
and the answer admitted that it was agreed in the contract of sale
"that the checking of the sawyer who manufactured said timber into
lumber and the checking from the office of the said defendants were
to be used in arriving at the amount due petitioner at each day of set-
tlement," and in the trial of which action the evidence authorized the
inference that the defendants had kept no "checking" as required by
the agreement, it was permissible for the plaintiff to prove the quan-
tity of lumber cut, by any evidence which tended to establish the amount
with reasonable certainty and which otherwise conformed to the rules
of evidence.

2. Where in such a case the plaintiff, after showing the number and
dimensions of the trees cut and removed, introduced "a rule or stick
about six feet in length and having the words 'Doyle's Scale' carved
thereon, together with certain figures and numbers thereon, the same
purporting to give the number of feet in board measure in a log of
given dimensions and length," which the court admitted in evidence
over the objection that the scale or stick was hearsay and not admis-
sible "without being accompanied by 'Doyle's Rule Book' to show how
said figures on said stick were arrived at, and that 'Doyle's Rule Book'
itself would be the highest and best evidence of what the rule actually
was, and not the stick with the figures thereon," *held:*  There being
some evidence to the effect that the above-described instrument, known
as "Doyle's Scale," was a method of measurement by which the quan-
tity of lumber manufactured from trees of given dimensions might
be easily and accurately arrived at, independently of the rule-book,·
referred to by one or more of the witnesses, the court did not err in
admitting it in evidence merely because it was unaccompanied by the
rule-book.  Compare *Brenard Mfg. Co.* v. *Winn-Wilkes Drug Co.,* 31
*Ga. App.* 200 (2) (120 S. E. 446).  This ruling, referring to special
ground 1, will likewise dispose of special grounds 2 and 6 of the
motion for new trial.

3. Since a ground of a motion for a new trial must be complete within
itself, without reference to the brief of evidence or other parts of the
record (*Ward-Truitt Co.* v. *Nicholson,* 23 *Ga. App.* 672 (2), 99 S. E.
153; *Daniel* v. *Schwarzweiss,* 144 *Ga.* 81ˑ (1), 86 S. E. 239), where
a ground of a motion for a new trial excepts to the rejection of testi-
mony ·in the nature of an opinion, it is incomplete and presents no

question for decision, unless within itself it discloses such a state of facts as renders the evidence admissible under one of the exceptions to the general rule that opinionative evidence is inadmissible. Thus, grounds 3 and 4 of the amendment to the motion for a new trial complaining of the exclusion of a witness's opinion, can not be considered, since neither of these grounds shows that the witness was an expert in the matter under investigation, or included a statement of the reasons or facts upon which the opinion was predicated. *Owens* v. *Nichols*, 139 *Ga.* 475 (5) (77 S. E. 635); *Louisville & Nashville R. Co.* v. *Ogles*, 146 *Ga.* 20 (1) (90 S. E. 476).

4. Assuming that the above ruling does not dispose of special ground 5 of the motion, in which complaint is made that the court erred in excluding evidence that it would require five trees, of specified dimensions, to produce one thousand feet of lumber, this ground is not a cause for a new trial, in the absence of proof that such five trees constituted an average of the trees in question or that any of the trees were of the dimensions stated.

5. No foundation for their admission having been laid as required by § 5769 of the Civil Code, the court did not err in refusing to admit in evidence certain pages from the defendants' ledger.

6. The court did not err in overruling those grounds of the motion for a new trial based on alleged newly discovered evidence, to wit, that the defendants have discovered that certain persons, since the trial, have made actual tests showing that "Doyle's Scale" is inaccurate. *Mitchell* v. *State*, 154 *Ga.* 697 (2) (115 S. E. 75), and cases cited.

7. There is no material error in any of the excerpts from the charge of the court complained of. The evidence authorized the verdict. The court did not err in refusing a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JUNE 15, 1925.

Complaint; from city court of Quitman—Judge Baum. December 27, 1924.

*Sam T. Harrell*, for plaintiffs in error.

*John E. Morris Jr.*, contra.