21441. MATTHEWS *v.* RIVERSIDE ACADEMY.

STEPHENS, J. Where a boarding-school which has limited facilities for the accommodation of students contracts with a parent to admit his son as a pupil in the school for the academic year, and where the engagement of teachers and other provisions for the management of the school are contracted for by the school for the entire year in advance, all of which is in the contemplation of the parties at the time of the execution of the contract, and where the catalogue of the school, which, by the express terms of the contract, is made a part of the contract, provides that it is a condition upon which a pupil is admitted to the school that he remain until the end of the academic year, and that as "the engagement of teachers and other provisions for the management of the school are contracted for the entire year in advance, it is distinctly understood between the parent and the school that there can be no reduction in the charges of any" pupil who leaves the school before the expiration of the academic year except in case of sickness, the contract, notwithstanding the payments required of the parent are payable for separate periods of the academic year, is not severable, but is an entire contract, and where the pupil, who entered the school pursuant to the contract, voluntarily left before the expiration of the academic year, the school, after the expiration of the year, is entitled to recover on the contract the amount contracted for in payment for board and tuition for the entire year, where it does not appear that the place vacated by the pupil in the school was filled by the admission of another pupil. Civil Code (1910), § 4228; *Sutton* v. *Howard,* 33 *Ga.* 536; *Newman* v. *Wolfson,* 69 *Ga.* 764; *Sanders* v. *Carter,* 91 *Ga.* 450 (17 S. E. 345); *Allison* v. *Dunwody,* 100 *Ga.* 51 (28 S. E. 651); *Henderson Elevator Co.* v. *North Georgia Milling Co.,* 126 *Ga.* 279 (55 S. E. 50); *Mayor &c. of Washington* v. *Potomac Engineering Co.,* 132 *Ga.* 849 (65 S. E. 80); *Martin* v. *Lott,* 144 *Ga.* 660 (87 S. E. 902).

2. In a suit by the school authorities against the parent, to recover the tuition and board contracted to be paid for the entire year, the verdict for the plaintiff in the full amount sued for was demanded.

3. No error of law appears, and the court did not err in overruling the defendant's motion for a new trial.

Judgment affirmed. *Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 23, 1932.

*Augustine Sams,* for plaintiff in error. *Carl T. Hudgins,* contra.