21859. New York Life Insurance Company *v.* Sumner.

Stephens, J. Before a person who has paid money to another, with the intention that it be applied to a particular purpose, can insist upon its application to that purpose, unless the law would so apply it, he must have communicated his intention to the person to whom the money was paid. Thus if a person carrying a policy of life insurance on which he has paid quarterly premiums makes a payment to the insurance company of an amount equal to a quarterly premium, with the intention that the money be applied as a payment of the premium in advance for the ensuing quarter, the money is not thereby applied for the purpose so intended, where this intention is not communicated to the company, and the law could not so apply it. Civil Code (1910), § 4316. In a suit on such a policy, brought by the beneficiary after the death of the insured, where the defense was that the policy had lapsed for nonpayment of the last

premium due, testimony of the plaintiff that the last payment of money by the insured to the company, which was made on a particular date, was made by him as payment of a premium in advance for the ensuing quarter, is a mere conclusion of the witness as to the application of the money, and is insufficient to show its application to the payment of this premium, where it does not appear that the intention of the insured as to the application of the money for this purpose was communicated to the company, and where it does not appear that this was the only purpose to which this payment could have been applied by the company. Although the plaintiff may have testified that the other premiums paid on the policy "were always paid right at the time," which, it may be assumed, meant that they were paid when due and were not past-due payments made for the purpose of reviving the policy after it had lapsed for nonpayment of the premium, as was contended by the company, yet where the plaintiff testified, in respect to these payments, that if the insured "did let thirty days elapse on" them the witness did not know anything about it, and did not know when the insured paid the premium due for the quarter immediately preceding the quarter in which he died, and that, if the policy had lapsed for non-payment of one of the other premiums, she and the insured "didn't get a notice," her testimony, taken most strongly against her, as must be done, as she is a party to the case, must be construed as insufficient to authorize an inference that all former premiums had been promptly paid on the policy, and that when the last premium was paid nothing was due from the insured in payment of back premiums, and that of necessity this payment must have been applied as a payment of the premium for the ensuing quarter during which the insured died, although the intention so to apply it was not made known to the company. Since the testimony of the plaintiff that the last payment made by the insured was a payment of a premium in advance for the quarter within which he died was a mere conclusion of the witness as to the application of this payment, and had no probative value to establish this fact, the testimony was inadmissible; and since it was calculated to influence the jury in finding that the insured had paid the premium necessary to keep the policy in force, and since other evidence was adduced which tended to estabish as a fact that this money was paid by the insured as a payment of the premium due for the preceding quarter and for the purpose of reviving the policy which had become lapsed because of nonpayment of that premium, and that this intention was communicated to the defendant in the insured's application for reinstatement, which accompanied the payment, the admission of the plaintiff's testimony referred to above, over the objection that it was a conclusion of the witness, was harmful and prejudicial to the defendant, and was error requiring the grant of a new trial. *Tiller* v. *State*, 96 *Ga.* 430 (2) (23 S. E. 825); *Gress Lumber Co.* v. *Coody*, 99 *Ga.* 775 (2) (27 S. E. 169); *Hager* v. *National German-American Bank*, 105 *Ga.* 116 (3) (31 S. E. 141); *Robinson* v. *State*, 130 *Ga.* 361 (60 S. E. 1005); *McCray* v. *State*, 134 *Ga.* 416 (6) (68 S. E. 62); *Marshall* v. *Pierce*, 136 *Ga.* 543 (3) (71 S. E. 893); *Brewer* v. *New England Mortgage Security Co.*, 144 *Ga.* 548 (4) (87 S. E. 657).

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

Decided September 26, 1932.

794

*Bryan, Middlebrooks & Carter, Hatcher & Hatcher,* for plaintiff in error.

*F. L. Stephens,* contra.