32755. FOX MOTOR COMPANY *v.* DILLARD.

DECIDED FEBRUARY 17, 1950.

*Y. A. Henderson*, for plaintiff.

*Henry L. Barnett*, for defendant.

WORRILL, J. The sole question presented by this record is whether the provision for "liquidated damages" as set forth in the contract sued upon is in reality a provision for a penalty or is in fact a mere provision for liquidated damages. "Damages 'are given as compensation for the injury sustained. If the parties agree, in their contract, what the damages for a breach shall be, they are said to be liquidated, and unless the agreement violates some principle of law, the parties are bound thereby." Code, § 20-1402. In *Martin* v. *Lott*, 144 *Ga.* 660-664 (87 S. E. 902), Justice Beck, speaking for the Supreme Court, in construing a contract whose terms were in substance similar to those in the case at bar, said: "In the case of *Allison* v. *Dunwody*, 100 *Ga.* 51 (28 S. E. 651), it was said 'In the case of Lea *v.* Whitaker, 8 L. R. C. P. 70, Keating, J., says: "The cases upon the subject of penalty or liquidated damages are very numerous. The result of them seems to be this, that what the courts look at is the real intention of the parties as it is to be gathered from the language they have used. No case that I am aware of has decided that if it be manifest that the parties meant the sum fixed to be liquidated damages, the court will interfere to frustrate that intention." Much to the same effect as in the two cases thus quoted, is the tenor of the decisions of this court. *Sims* v. *Cox*, 40 *Ga.* 76 [20 Am. R. 560]; *Goodman* v. *Henderson*, 58 *Ga.* 567. And in this last case Justice Jackson lays especial stress upon the fact that "the damages were agreed upon by the parties themselves; they fixed them, not as a penalty, but as stipulated and liquidated, and so wrote it down in the agreement." "The language of the instrument itself must of course be primarily looked to and considered, though the use of the words 'penalty' or 'liquidated damages' will by no means always be conclusive," is the holding of this court in the case of *Sanders & Ables* v. *Carter*, 91 *Ga.* 450 [17 S. E. 345], in which Justice Lumpkin deals with the subject of "penalties" and "liquidated damages" at considerable length. This and the other Georgia decisions upon this subject manifestly lean to that class of cases

in which no "greater liberty is taken with the language of the parties" than is necessary to ascertain the true intent of the contract and to prevent the exaction of harsh penalties under the guise of liquidated damages.' See also the case of *Mayor &c. of Washington* v. *Potomac Engineering &c. Co.*, 132 *Ga.* 849 (65 S. E. 80)."

We think that under the rules of law as laid down in the *Martin* case, quoted above, the intent of the parties in the instant case to stipulate for liquidated damages and not provide a penalty, is manifest. The subject-matter of the contract was such that it made it doubtful if the amount of damages incurred by the plaintiff could have been accurately ascertained, and the situation was such that it was more expedient to stipulate the damages than to attempt to calculate them after a breach. Furthermore, the parties specifically denominated the sum as "liquidated damages," and while we recognize the rule that such specification in the contract is not controlling, no sufficient reason is shown in this case why such stipulation should not be upheld. For these reasons we think that the trial court erred in sustaining the demurrer, and in dismissing the petition.

*Judgment reversed. Sutton, C. J., concurs. Felton, J., concurs in the judgment.*