38960.  DOWNEY v. SPAINHOUR OIL & EQUIPMENT COMPANY.

DECIDED SEPTEMBER 6, 1961.

*Thomas J. Espy, Jr.*, for plaintiff in error.

*Archibald A. Farrar*, contra.

JORDAN, Judge. The trial judge did not err in directing a verdict for the plaintiff as contended in special ground 1 of the amended motion for new trial. The uncontradicted evidence in this case discloses that on May 31, 1956, when the defendants dissolved their partnership, the amount of $1,000 was owed to the plaintiff. At that time Ayers, who was continuing the operation of the business, agreed to assume the full payment of this liability and the plaintiff was informed that the said Ayers was going to pay the account. However, there is no evidence that the plaintiff agreed to this arrangement or released the defendant Downey from any obligation or liability of the amount jointly owed by Downey and Ayers. Nor is there any evidence which would authorize the finding that the account had been paid by Ayers after May 31, 1956. While it was contended by the defendant that Ayers, who continued to do business with the plaintiff, paid the amount that was due at the time the partnership was dissolved several times over in the course of his subsequent trading with the plaintiff, there is no evidence that Ayers ever directed that any amount which he subsequently paid to the plaintiff be appropriated to the account existing at the time the partnership was dissolved; and the plaintiff testified that all payments made by Ayers subsequent to the dissolution of the partnership, other than those credited to the account as shown by the bill of particulars attached to the petition, were credited to Ayers' personal account for products which he purchased after the dissolution of the partnership. The plaintiff under the provision of *Code* § 20-1006 had the right to make such appropriation in the absence of direction by the debtor. *Hilton v. Sims & Co.*, 45 Ga. 565; *Lowenstein v. Meyer*, 114 Ga. 709 (40 SE 726); *New York Life Ins. Co. v. Sumner*, 45 Ga. App. 792 (165 SE 920). There is, therefore, no evidence in the record to support the defendant's contention that the account was paid by Ayers.

Accordingly the original account having been admitted by the

defendant and there being no issuable defense, a verdict was demanded for the plaintiff. The trial judge directed the jury to return a verdict in an amount not to exceed $870 and further instructed the jury that the plaintiff would be entitled to interest on the verdict returned of 7% from January 1, 1957. After the verdict of the jury the trial judge entered judgment in favor of the plaintiff in the amount of $870 principal and $180 interest. According to the bill of particulars attached to the petition the sum owed by the partnership to the plaintiff on May 31, 1956, the date of its dissolution, was $1,000. Subsequent credits to said account during the year 1956 amount to the sum of $199.52 and the uncontradicted evidence shows that a payment of $30 was made on said account after the entering of the default judgment against Ayers. Accordingly, it appears from the plaintiff's own evidence that the defendant was only liable to it in the amount of $770.48.

Furthermore, since the petition did not pray for interest and since the plaintiff expressly waived any rights to the interest charges set out in the bill of particulars, thus removing the question of usury from the case, the plaintiff was not entitled to any judgment of interest other than interest from the date of the judgment, as contended in special ground 9 of the amended motion for new trial. *Waynesboro Planing Mill v. Hargrove,* 33 Ga. App. 684 (127 SE 665); *A. B. & C. Railroad Benefit Assoc. v. South,* 49 Ga. App. 659 (175 SE 924).

The judgment of the trial court is therefore affirmed upon the condition that the plaintiff write off from the judgment the amount in excess of $770.48 principal and all interest prior to judgment; otherwise the judgment is reversed.

*Judgment affirmed on condition that the plaintiff write off from the judgment the excess of $99.52 principal and all interest prior to judgment within 15 days after the remittitur is made the judgment of the trial court; otherwise reversed. Townsend, P. J., and Frankum, J., concur.*