## 51018. AUTOTAX, INC. v. DATA INPUT CORPORATION.

DEEN, Presiding Judge.

Data Input Corporation brought suit against Autotax, Inc. for the balance due on a contract for services under which Autotax, which itself assists public accountants in the preparation of income tax returns, turned over materials to Data Input Corp. for data processing and verification. The contract was to run for three and a half months with a guaranteed weekly card volume payment to be made according to work done with an overall minimum payment commitment of $25,000. Data stood ready and willing to handle all accounts turned over to it, leased additional equipment and hired additional employees for the purpose and was prepared to process any volume of cards turned over to it. Due to business conditions, however, it actually received and processed only $17,289.64 worth of material, for which it was paid. It then sued for and recovered $7,710.36, the difference between the payment and the contract price, as the balance due under the agreement.

Autotax bases its appeal on the proposition that the $7,710.36 is a gross amount subject to be reduced by amounts Data Input has saved in not doing the remaining amount of work; that Data Input, having failed to show the amount of such savings, has not proved the damages which it is entitled to recover, and is therefore not entitled to judgment in any amount. Our sole question, therefore, is whether the plaintiff is entitled to the stipulated contract price, this being an entire contract, or whether it is entitled only to net profit plus out of pocket expenses. In the latter case the burden is on it to show a mitigation of damages by any savings accruing to it because of not having been given the opportunity to complete the full contract.

The distinction in measure of damages is well stated in 22 AmJur2d 83, Damages, § 54: "If, on the breach of a contract promise, the nondefaulting party (the promisee) is seeking damages to protect his expectation interest — that is, asking to be placed in the same financial position in which he would have been placed had the promisor performed — the loss or injury sustained because of the breach, rather than the price agreed to be paid on full performance, is the general measure of damages. Simply because those damages are difficult to ascertain is no reason to allow recovery of the contract price. There are exceptions to this rule. The contract price can be recovered when the promisee has substantially performed his promise prior to the breach by the promisor. In this type of case, the promisor's full performance (less damages for any minor breaches) is due and becomes the measure of damages. A common example occurs in situations involving the sale of chattels. An employment contract substantially performed by the employee is another example where the full contract price can be recovered."

Essentially, the plaintiff here has sued for price and not for damages. It performed to the admitted satisfaction of the defendant promisor at all times. In doing so it incurred standing expenses for extra labor and machines which had to be kept available to meet the contract obligations. The contract is one for services and therefore analogous to an employment contract, in which the burden is on the employer rather than the employee to show matter in reduction of damages. In an employment contract for one year where the employee was wrongfully discharged it was held in *Stone Mtn. Granite Corp. v. Patrick,* 19 Ga. App. 269, 270 (4) (91 SE 286) that "[t]he plaintiff was entitled to hold the defendant to his original contract, and, the contract being for one year, to recover his whole year's salary, less whatever amount had been paid him by the defendant, and whatever amount he had been able to earn after his discharge." The burden of showing that he could have lessened his damages by this means is on the defendant. *Waynesboro Planing Mill v. Hargrove,* 33 Ga. App. 684 (127 SE 665). Again, where a contract for a boarding school student was made for a year

and the student voluntarily left before the end of the term, it was held in *Matthews v. Riverside Academy,* 45 Ga. App. 30 (163 SE 238) that the school was entitled to recover the contract price, it not appearing that the vacancy had been filled by another pupil. Sales of personalty under the Uniform Commercial Code also follow this rule, under special guidelines, in actions for price. In all such cases the default must be such as to be a mere breach of the contract and not a tort. This is particularly applicable where the breach consists in a mere act of nonfeasance. Cf. *Orkin Exterminating Co. v. Stevens,* 130 Ga. App. 363, 365 (203 SE2d 587); *Brown v. Hilton Hotel Corp.,* 133 Ga. App. 286 (1) (211 SE2d 125).

The cases cited by the appellant follow the general rule of compensatory damages. This rule is always applied in certain types of cases as, for example, building contracts. *Palmer v. Howse,* 133 Ga. App. 619 (212 SE2d 2). Cases involving the lease of personalty fall in the same category. *Bennett v. Assoc. Food Stores, Inc.,* 118 Ga. App. 711 (165 SE2d 581), involved a contract for the leasing of trucking equipment. Gross weekly rentals necessarily had to be reduced by costs for servicing and maintenance, among other items. In such cases: "The burden is on the plaintiff to show both the breach and the damage (*James v. Emmco Ins. Co.,* 71 Ga. App. 196 (30 SE2d 361)), and this must be done by evidence which will furnish the jury data sufficient to enable them to estimate with reasonable certainty the amount of the damages. *National Refrigerator &c. Co. v. Parmalee,* 9 Ga. App. 725 (1) (72 SE 191); *Brenard Mfg. Co. v. Winn-Wilkes Drug Co.,* 31 Ga. App. 200 (1) (120 SE 446). It cannot be left to speculation, conjecture and guesswork. *Studebaker Corp. v. Nail,* 82 Ga. App. 779 (62 SE2d 198). And the rule that in every case of breach of contract the other party has the right to recover nominal damages does not apply when only special damages are sued for and these are not recoverable." Id., p. 716. The same yardstick was used by the rule modified in *Bendle v. Ortho Mattresses, Inc.,* 133 Ga. App. 575 (211 SE2d 618), another case involving an equipment lease, holding that the promisee on breach was entitled to the amount that would have been earned for the remainder of the term less its cost in providing the

services and material, but that a general verdict for nominal damages would not be illegal.

The present case involves services and is more closely analogous to an employment contract than an equipment lease contract. In the latter it is obvious that compliance by the promisee involved expenses not incurred where performance is prevented by the opposite party. The contrary situation appears to hold here. The distinction was also clearly drawn in *Bennett,* supra, p. 714 where the court noted that the plaintiff did not sue *on the contract* for the recovery of rentals, but alleged a breach and sued for damages. The plaintiff here simply proved performance, to the extent that it was given work, and sued for price.

The trial judge hearing the case without a jury correctly held that under the terms of the contract (which continued for the duration specified therein) the defendant owed the plaintiff the balance of the minimum contract price stipulated between the parties.

*Judgment affirmed. Evans and Stolz, JJ., concur.*

ARGUED SEPTEMBER 9, 1975 — DECIDED SEPTEMBER 24, 1975 —
REHEARING DENIED OCTOBER 15, 1975.

*Rubin & Appel, Martin H. Rubin,* for appellant.
*Karp & Karp, Harold Karp, Barry A. Karp,* for appellee.