35423. CAREY *v.* HABERSHAM HARDWARE & DISTRIBUTING COMPANY *et al.*

DECIDED DECEMBER 2, 1954.

**176**

*J. B. G. Logan, R. C. Scott,* for plaintiff in error.

*Herbert B. Kimzey,* contra.

GARDNER, P. J. ■ After the court had heard and determined evidence on the rule nisi to make Arrendale a party defendant, the court refused to make Arrendale a party defendant and refused to continue the case, whereupon the defendant filed exceptions pendente lite to the judgment refusing to make Arrendale a party defendant and denying the motion for a continuance. The act of 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 440-458) abolished exceptions pendente lite. See *Beard* v. *Westmoreland,* 90 *Ga. App.* 632 (84 S. E. 2d 93). There is no assignment of error in the bill of exceptions regarding the judgment refusing to make Arrendale a party defendant.

■ We come next to consider the assignments of error on the general grounds. The evidence amply supports the verdict. There is no merit in the assignments of error on the general grounds.

■ Special ground 1 assigns error on the following excerpt from the charge of the court: "I instruct you that when you go out to consider this case, if you find that the plaintiff in this case sold to the defendant articles of merchandise as described

in the petition, if that is shown by a preponderance of the evidence, and that it has not been paid, if he sold it to this defendant, the plaintiff would be entitled to recover. If you do not so find, he would not be entitled to recover." This special ground is very closely akin to the assignments of error on the general grounds, when we eliminate the exceptions pendente lite, which are not before this court for consideration. This ground is without merit.

■ Special ground 2 assigns error on the following excerpt from the charge: "The court does not have the right to express what he thinks the verdict should be, if he has any opinion nor does the law allow him to tell you what the evidence shows, our law being that the judge shall give you correct principles of law to be applied to the facts, and you will apply the one to the other and make your decision. If you have heard anything said by me, or if you have seen anything done by me that might create the impression that I have any opinion one way or the other, don't let that have any weight at all on your minds. You decide the facts as you see them to be under the rules of law I have given you in charge, and apply them one to the other. Give this case, as I know you will, impartial, conscientious consideration."

Since this court is without authority to consider assignments of error on the exceptions pendente lite, and since the assignments of error on this charge are based largely, if not altogether, on the ruling refusing to make Arrendale a party defendant, the assignment of error on this excerpt from the charge is without merit.

■ Special ground 3 assigns error on the following excerpt from the charge of the court: "In the event you find for the plaintiff, the form of your verdict would be: 'We, the jury, find in favor of the plaintiff so many dollars, the amount sued for, and to that you would add interest at the rate of 7% at the date you find from the evidence the account became due and payable on up·to today, or whenever you render your verdict.' I will give you that again: 'We, the jury, find for the plaintiff $159.36, and so many dollars as interest at 7% per annum.'" The court immediately thereafter charged the following: "If you do not find in favor of the plaintiff, if you believe it is not entitled to

■

recover, that it has failed to carry the burden of proof by a preponderance of evidence, your verdict would be in favor of the defendant. In that event, the form of your verdict would be: 'We, the jury, find in favor of the defendant.' "

It is hard for us to conceive what other or different charge the court could have given. There is no dispute anywhere in the evidence or in the pleadings that the amount which the plaintiff was entitled to recover was anything other than the amount returned. There is no conflict in the evidence as to the amount due the plaintiff, if it was entitled to recover anything. The court charged the jury that, if the plaintiff was not entitled to recover this amount, then they should find for the defendant. This ground is without merit.

The court did not err in denying the motion for a new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*